PURPURA, APPELLANT, *v.* PURPURA, APPELLEE.

(No. 51196 — Decided November 3, 1986.)

*Jonathan K. Henck,* for appellant Mary T. Purpura.

*Michael I. Greenwald,* for appellee Anthony J. Purpura.

MARKUS, C.J. The wife appeals from the third alimony modification after her divorce decree. Her two assignments of error argue that the court (a) lacked authority to modify her alimony, and (b) abused its discretion by the challenged order. Her second contention has merit, so we reverse the trial court's order.

After earlier tentative orders and adjustments, the trial court effectively granted the wife a divorce on January 6, 1984. The decree divided marital assets and required the husband to pay her fifty dollars per week for each minor child as child support. It further directed him to pay her fifty dollars per week as alimony, "for four hundred sixteen (416) weeks, or the death or remarriage of the [wife], whichever event occurs first." The decree did not state that the alimony order would continue until further order of the court, or otherwise reserve continuing jurisdiction over alimony payments.

On May 10, 1984, the court granted the wife's motion to increase the husband's payments so as to reduce his accumulated arrearages. The court directed him to pay her an additional ten dollars per week "for a total of $160.00 per week * * * commencing immediately * * * until further order of Court." It required the husband's employer to withhold his total payments from his wages "until further order of Court." Finally, it granted the wife additional alimony for her attorney fees in seeking that remedy. The order concluded: "In all other respects the current orders of the Court shall remain in full force and effect." Neither party appealed from this new order.

On September 10, 1984, the court granted the husband's motion to modify his alimony and child support payments. It reduced child support payments to thirty-five dollars weekly per child and alimony payments to thirty-five dollars weekly, "until further order of Court." The order further directed the husband to continue paying ten dollars per week toward his now greater arrearages, and granted the wife additional attorney fees. Neither party appealed from this second modification order.

On October 28, 1985, the court granted the husband's motion to modify his sustenance alimony payments and terminated his obligation to make further alimony payments. The order did not affect the husband's continuing obligation for child support and arrearage payments. This appeal challenges that third modification order.

## I

The wife contests the court's power to modify alimony because it originally ordered payments for a fixed period without reserving authority to modify that order. When the court originally granted that sustenance alimony, subject to death or remarriage, case law recognized the court's power to modify its order. *Wolfe* v. *Wolfe* (1976), 46 Ohio St. 2d 399, 75 O.O. 2d 474, 350 N.E. 2d 413, paragraph two of the syllabus, limited on other grounds in *McClain* v. *McClain* (1984), 15 Ohio St. 3d 289, 15 OBR 421, 473 N.E. 2d 811. The applicable case law remained unchanged when the court made its first two modification orders.

Before the court made the third modification, case law changed. Newer cases denied the court's authority to modify alimony for a fixed period, subject to the wife's death or remarriage, unless it expressly reserved that power. See *Ressler* v. *Ressler* (1985),

17 Ohio St. 3d 17, 17 OBR 14, 476 N.E. 2d 1032, syllabus; *Colizoli* v. *Colizoli* (1984), 15 Ohio St. 3d 333, 336, 15 OBR 458, 461, 474 N.E. 2d 280, 284. However, the court had already changed that order and retained continuing authority to change alimony, when it granted the first two modification orders.

We need not consider the husband's arguments that *Ressler* and *Colizoli* have retroactive significance. The domestic relations court clearly had subject matter jurisdiction over alimony issues and personal jurisdiction over these parties when it made all three modification orders. Even if it lacked authority to modify its original fixed alimony order, its modification was fully effective when neither party contested it by a timely appeal. Cf. *Levias* v. *United Airlines* (1985), 27 Ohio App. 3d 222, 27 OBR 262, 500 N.E. 2d 370. A party cannot accept an unauthorized order and later challenge it by an untimely appeal when further developments make it less palatable. *Id.*

A contrary rule would permit innumerable litigants to contest alimony modifications long after the time for appeals had expired, and leave such matters forever unsettled. The court's lack of authority to modify an alimony order renders the modification voidable by a timely appeal but not void. Cf. *Eisenberg* v. *Peyton* (1978), 56 Ohio App. 2d 144, 150-151, 10 O.O. 3d 158, 162-163, 381 N.E. 2d 1136, 1141 (trial court's order derived from a defective referee's report is voidable by appeal but not void); *Berger* v. *Berger* (1981), 3 Ohio App. 3d 125, 3 OBR 141, 147-148, 443 N.E. 2d 1375, 1381-1382 (unauthorized order by nonassigned domestic relations judge is voidable by timely objection and appeal but is not void).

The two previous modification orders each provided that the alimony obligation was effective until further order of the court. By that language, the court retained continuing jurisdiction to modify the alimony obligation. See, *e.g.*, *Lee* v. *Lee* (1983), 10 Ohio App. 3d 113, 10 OBR 137, 460 N.E. 2d 710. Thus, the court had full authority to modify the alimony payments when it made the third modification order.

## II

The wife claims the trial court abused its discretion by terminating the husband's obligation to continue paying thirty-five dollars weekly as sustenance alimony. The court submitted the husband's motion to modify to a referee pursuant to Civ. R. 53. Although the wife objected to the referee's report, she provided no transcript of the referee's hearing or other evidentiary material to contest the referee's findings. Consequently, the trial court could properly adopt the referee's factual findings without further consideration. Civ. R. 53(E)(6).

The referee reported that the couple's seventeen-year-old daughter and their thirteen-year-old daughter still live with the wife, who remains unmarried. The wife was unemployed when the court granted the divorce and the two previous modifications, but she has since completed training at a barber school. She is now a self-employed hair stylist at a downtown location where her gross weekly earnings are $110 to $140. Her monthly expenses are approximately $1,500.

The couple's twenty-one-year-old son now lives with the husband, who pays the son's living expenses. The husband's gross monthly earnings are now $1,900, or $22,800 per year. The referee's previous reports state that the husband's gross earnings were $29,920 in 1981, $24,000 in 1983, and $14,400 in 1984. He continues to pay $70 weekly for the support of his two daughters plus $10 weekly toward arrears.

240

A court with authority to modify alimony has discretion to terminate it when the dependent spouse no longer needs that assistance. *Blakemore* v. *Blakemore* (1983), 5 Ohio St. 3d 217, 218, 5 OBR 481, 482, 450 N.E. 2d 1140, 1141; *Wolfe* v. *Wolfe, supra,* at 414, 75 O.O. 2d at 482, 350 N.E. 2d at 423. In this case, the wife's monthly gross income is at least $600 below her monthly expenses, even if she continues to receive the previously ordered alimony and child support. Hence, the trial court could not reasonably conclude that she no longer needed alimony assistance. Any modification depends on the parties' changed circumstances. *Peters* v. *Peters* (1968), 14 Ohio St. 2d 268, 43 O.O. 2d 441, 237 N.E. 2d 902, syllabus; *Popovic* v. *Popovic* (1975), 45 Ohio App. 2d 57, 74 O.O. 2d 94, 341 N.E. 2d 341, paragraph two of the syllabus; *Wolfe* v. *Wolfe, supra,* at 418, 75 O.O. 2d at 484, 350 N.E. 2d at 425.

The wife contests the order because she lost $1,300 assistance which her parents provided her monthly in 1984 and her new employment produces less than $500 per month. Her husband's income had increased significantly since 1984. In other words, her monthly income is approximately $800 less than her income when the court made its previous order, while her husband's monthly income increased by at least $700 since that order. Their respective living expenses remained about the same. Consequently, the court abused its discretion by reducing her alimony in those circumstances.

We sustain the wife's second assignment of error and reverse the trial court's order.

*Judgment reversed.*

JACKSON and ANN MCMANAMON, JJ., concur.