PROCTOR, APPELLANT, *v.*
PROCTOR, APPELLEE.

(No. 1-86-7—Decided
May 11, 1988.)

*J. Michael Bernstein,* for appellant.

*James C. King,* for appellee.

SHAW, J. This is an appeal from a judgment of the Common Pleas Court of Allen County granting a divorce, property division and alimony award in accordance with the recommendations of a referee's report.

Plaintiff-appellant, Max R. Proctor, asserts the following eight assignments of error:

"1. The trial court erred in referring this matter to a referee.

"2. The referee's report fails to comply with the law with regards to the matters which must be contained in said report.

"3. The trial court erred in adopting the referee's report without a compliance of the rules of Civil Procedure and Ohio law.

"4. The trial court erred in not granting plaintiff a divorce.

"5. The trial court erred in granting the defendant alimony.

"6. The trial court erred in granting attorney fees to the defendant in the amount of $3,163.10.

"7. The trial court erred in its division of property.

"8. The trial court erred in ordering the plaintiff to be responsible for debts of the marriage."

The primary issue raised in this appeal concerns the extent to which a party may assign as error the trial court's adoption of a referee's finding of fact where that party has failed to properly challenge that finding in his objections to the referee's report in accordance with the provisions of recently adopted Civ. R. 53(E)(6), set forth below in pertinent part (effective July 1, 1985 and fully applicable to this case):

"**Factual findings.** A party may not assign as error the court's adoption of a referee's finding of fact unless an objection to that finding is contained in that party's written objections to the referee's report. The court may adopt any finding of fact in the referee's report without further consideration unless the party who objects to that finding supports that objection with a copy of all relevant portions of the transcript from the referee's hearing or an affidavit about evidence submitted to the referee if no transcript is available. * * *"

Although appellant did file certain objections to the referee's report with the trial court, it is undisputed that appellant either failed to object to the findings now appealed from or failed to support the objections he did make with a transcript or affidavit as provided in the above Rule.

In addition, appellant has challenged all of the referee's findings of fact appealed from on the basis that they were not sufficient for the trial court to make an independent analysis of the issue as required in Civ. R. 53(E)(5):

"**When effective.** * * * The referee's findings of fact must be sufficient for the court to make an independent analysis of the issues and to apply appropriate rules of law in reaching a judgment order. * * *"

Appellant never raised this issue in the trial court but now argues that the "waiver" provisions of Civ. R. 53(E)(6) are not applicable to the separately mandated requirements of Civ. R. 53(E)(5).

In *Normandy Place Assoc.* v. *Beyer* (1982), 2 Ohio St. 3d 102, 2 OBR 653, 443 N.E. 2d 161, paragraph one of the syllabus, the Supreme Court of Ohio held that the filing of a Civ. R. 53(E) objection to a referee's report was not a prerequisite for appellate review of a finding or recommendation made by a referee and adopted by a trial court. The absence of any "waiver" language in Civ. R. 53 at that time, coupled with the permissive language contained in Civ. R. 53(E)(2), was clearly emphasized by the court as the basis for the *Normandy* decision:

" 'Ordinarily, errors which arise during the course of a trial, which are not brought to the attention of the court by objection or otherwise, are waived and may not be raised upon appeal.' [Citations omitted.]

"This general principle, however, must be read in conjunction with Civ. R. 53(E)(2), which sets forth the pro-

cedure to be followed when a party elects to file objections to a referee's report. It states as follows:

" 'A party *may,* within fourteen days of the filing of the report, serve and file written objections to the referee's report. * * *' * * * [Emphasis *sic.*]

"Clearly, this rule does not mandate the filing of objections to a referee's report. *Had the drafters of the Civil Rules intended that the failure to file objections would preclude appellate review, they could easily have stated so explicitly.* * * * In view of the permissive construction customarily afforded the word 'may' and *in the absence of a clear warning of the consequences entailed in the failure to file objections,* this court is reluctant to deprive a party of such a substantial right as the right of appeal. [Emphasis added.]" *Id.* at 104-105, 2 OBR at 655, 443 N.E. 2d at 163-164.

The Supreme Court's interpretation of former Civ. R. 53 in *Normandy, supra,* was also influenced by a firm belief in the duty of the trial court to independently review a referee's report:

"Our determination in this matter is further prompted by the high regard in which we hold the function of the judiciary. It is the primary duty of the court, and not the referee, to act as a judicial officer. * * *

"* * *

"In order for the trial court to maintain its independence, it is of utmost importance that it carefully examine any report before it for errors. Accordingly, we reject any concept which would suggest that a trial court may in any way abdicate its function as judge over its own acts. *We therefore hold that, even in the absence of an objection to a referee's report, the trial court has the responsibility to critically review and verify to its own satisfaction the correctness of such a report."*

(Emphasis added.) *Id.* at 105, 2 OBR at 655-656, 443 N.E. 2d at 164.

For a number of years the *Normandy* decision has been considered authoritative on this issue, quoted and followed by subsequent appellate decisions. See *Staggs* v. *Staggs* (1983), 9 Ohio App. 3d 109, 9 OBR 171, 458 N.E. 2d 904; *Russell* v. *Russell* (1984), 14 Ohio App. 3d 408, 14 OBR 526, 471 N.E. 2d 810; *Capital Equip. Enterprises, Inc.* v. *Wilson Concepts, Inc.* (1984), 19 Ohio App. 3d 233, 19 OBR 384, 484 N.E. 2d 237.

However, with the recent adoption of Civ. R. 53(E)(5) and (E)(6), the Supreme Court and the legislature have now specifically addressed the issues determined in the *Normandy* case. As a result, we have come to the conclusion that the basis for much of the case authority under the prior rule has been substantially modified.

Presumably, in deference to the role of the judiciary enunciated by the Supreme Court in *Normandy, supra,* the duty of the trial court to "critically review and verify" the referee's report has been preserved in Civ. R. 53(E)(5). However, the rule now draws a distinction between *errors of law* and *findings of fact:*

"(E)(5) **When effective.** * * * *The referee's findings of fact must be sufficient* for the court to make an independent analysis of the issues and to apply appropriate rules of law in reaching a judgment order. * * * However, the court shall determine whether there is any *error of law* or other defect on the face of the referee's report *even if no party objects to such an error* or defect. * * *" (Emphasis added.)

Thus, while Civ. R. 53(E)(5) retains the duty of the trial court to review the referee's report for *errors of law,* regardless of whether any party has objected, the primary duty to provide sufficient *findings of fact* has clearly been shifted to the referee (with

the "even if no party objects" language pertaining to errors of law conspicuously absent from the clause pertaining to findings of fact).

In conjunction with the new distinctions in Civ. R. 53(E)(5), other amendments to Civ. R. 53 make it clear that a complaining party must now act to preserve appellate review as to findings of fact. Indeed, as if in direct response to the language of the *Normandy* decision quoted earlier, Civ. R. 53(E)(6) now states "explicitly" that failure to object to findings of fact in a referee's report will preclude appellate review of those findings, thereby providing the "clear warning of the consequences" found to be lacking by the *Normandy* court under the prior rule:

"(E)(6) **Factual findings.** *A party may not assign as error* the court's adoption of a referee's finding of fact *unless* an objection to that finding is contained in that party's written objections to the referee's report. * * *" (Emphasis added.)

In our view, the express language of Civ. R. 53(E)(6), merely follows well-established case authority that an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been corrected or avoided by the trial court. See *Schade* v. *Carnegie Body Co.* (1982), 70 Ohio St. 2d 207, 24 O.O. 3d 316, 436 N.E. 2d 1001. Accordingly, pursuant to Civ. R. 53(E)(6), we hold that an assignment of error based upon the trial court's adoption of a referee's finding of fact is waived unless an objection to that finding of fact is contained in that party's written objections to the referee's report.

Assignments of Error
Nos. 1, 3, 4 and 8

Appellant's first, third, fourth and eighth assignments of error concern findings of the referee to which no objection was made in the trial court. In his fourth assignment of error, appellant now contends that the trial court erred in adopting the referee's findings pertaining to the grounds in favor of granting the divorce to appellee, Alice M. Proctor, and not to appellant. Although appellant filed other objections to the referee's report with the trial court, no objection was made in any form to the referee's findings pertaining to the granting of the divorce. Under the provisions of Civ. R. 53(E)(6) as discussed above, appellant has waived the issue and is now precluded from raising it on appeal. The fourth assignment of error is overruled.

In his eighth assignment of error, appellant now contends that the trial court erred in adopting a finding of the referee which stated that "[t]here are no known debts in the marriage but if there are any, the plaintiff [appellant] will be responsible for them and hold the defendant harmless therefrom." Appellant's objections to the referee's report contain no mention of or objection to this finding of the referee. Accordingly, this issue is also waived and the eighth assignment of error is overruled. Civ. R. 53(E)(6).

In his first and third assignments of error appellant complains that the trial court erred in failing to comply with the procedural requirements of Civ. R. 53(A) and (C). Specifically, appellant, in his brief, complains that:

"Nowhere in the record is there a finding that the parties consented in writing to submitting this matter to the referee. In addition, and most important, a complete review of the record shows that there is no reference by the trial court to the referee who heard this matter. On top of this, a complete review of all filings contained in the office of the Clerk of Courts of Allen County, Ohio, shows that there is

no appointment of a referee to hear domestic relations cases."

In *White* v. *White* (1977), 50 Ohio App. 2d 263, 267, 4 O.O. 3d 225, 227, 362 N.E. 2d 1013, 1016-1017, the Court of Appeals for Cuyahoga County held:

"While Civil Rule 53 clearly requires an order of reference, it does not specify the form of the order nor does it require the court to journalize an individual order of reference for each issue submitted. In other words, there is no specific requirement, limitation, or restriction on the manner or method of the court entering an order of reference.

"Thus, an order of reference may be made in one of at least three ways:

"1. An individual journalized order of reference in a particular case or several cases;

"2. A blanket journalized order of reference in a particular type or types of cases;

"3. A local rule or rules providing for automatic reference in certain types of cases."

Appellant also failed to make any objection to the referee's report on this basis. These matters are clearly factual in nature in that they could have been raised and a response made, with documentary or testimonial evidence, either before the referee or in the trial court, at a time when the alleged error could have readily been avoided or corrected. *Schade* v. *Carnegie Body Co.*, *supra*. Having not done so, appellant should be precluded from raising the issues now under Civ. R. 53(E)(6). However, he also asserts that these errors are jurisdictional and we will therefore consider them to that extent.

In *Hines* v. *Amole* (1982), 4 Ohio App. 3d 263, 265, 4 OBR 480, 483, 448 N.E. 2d 473, 476, the Court of Appeals for Greene County held:

"Although the trial court may commit error by not fully complying with the procedural requirements of Civ. R. 53, that failure does not affect the jurisdiction of the trial court to hear and determine the action. *Eisenberg* v. *Peyton* (1978), 56 Ohio App. 2d 144 [10 O.O. 3d 158]. That a failure to comply with Civ. R. 53 is not jurisdictional in nature is supported by the decision in *Lindsay* v. *Lindsay* (1957), 106 Ohio App. 146 [6 O.O. 2d 409], in which the court held that the question of reference is not a jurisdictional matter, but one of procedure. *Id.* at 152. Appellants do not contend that the matter *sub judice* was one in which they were entitled to a jury trial. Their objection is there was no journal entry of reference. It is only in instances in which the trial court lacks jurisdiction that a judgment is void rather than voidable. Reversible error can only be attained by prejudice that affects the substantial rights of the complaining party. *Elser* v. *Parke* (1943), 142 Ohio St. 261 [27 O.O. 204]. The mere failure to properly journalize a referral to a referee does not produce prejudice *per se.*"

We note that, under the express terms of Civ. R. 53(E)(3), "[t]he effect of a referee's report is the same whether or not the parties have consented to the reference. * * *'" In addition, we have no authority before us to indicate that the consent of the parties, the appointment of the referee or the order of reference must be affirmatively displayed in the record in every case or that, in the absence of any mention of these issues by the complaining party in the trial court, we must presume these events did not occur. On the contrary, absent any indication otherwise, we will presume they did occur.

Under the authority cited above and as a result of appellant's failure to raise these issues in any way either before the referee or the trial court, the first and third assignments of error are overruled.

## Assignments of Error Nos. 5, 6 and 7

Appellant's fifth, sixth and seventh assignments of error are based upon the referee's findings of fact to which objections were made in the trial court but, with respect to which, no transcript or affidavit was submitted in support as required by the second sentence of Civ. R. 53(E)(6), which states:

"* * * The court may adopt any finding of fact in the referee's report without further consideration unless the party who objects to that finding supports that objection with a copy of all relevant portions of the transcript from the referee's hearing or an affidavit about evidence submitted to the referee if no transcript is available. * * *"

This language supplements the requirement of Civ. R. 53(E)(2) that "* * * [o]bjections shall be specific and state with particularity the grounds therefor. * * *"

However, unlike the first sentence of Civ. R. 53(E)(6), quoted earlier, which begins with the statement that "[a] party may not assign as error * * *," the second sentence of Civ. R. 53(E)(6) states only that "* * * [t]he court may adopt * * * without further consideration * * *" a finding of fact which is not properly supported. Thus, we have a distinction between those instances in which *no* objection is made to a referee's finding and those instances where an objection is made but the party fails to support it with a transcript or affidavit as provided in the rule.

In *Purpura* v. *Purpura* (1986), 33 Ohio App. 3d 237, 515 N.E. 2d 27, paragraph two of the syllabus, the Court of Appeals for Cuyahoga County held pursuant to Civ. R. 53(E)(6) that a trial court may properly adopt a referee's factual findings without further consideration where the party objecting to the finding of fact fails to provide the court with a transcript of the referee's hearing or other evidentiary material to contest the referee's findings. However, the court made it clear that the trial court's adoption of factual findings under such circumstances was still subject to appellate review for an abuse of discretion, and in fact, reversed the decision of the trial court on that basis. *Id.* at 239-240, 515 N.E. 2d at 29-30.

We agree with the approach of the *Purpura* decision. Accordingly, we hold that unlike the failure to object at all, a mere failure to submit a transcript or affidavit in support of an otherwise properly made objection to a referee's report as provided in Civ. R. 53(E)(6), does not preclude appellate review of the trial court's adoption of a referee's finding of fact. However, in the absence of such transcript or affidavit, appellate review of the trial court's adoption of that finding of fact will be limited to whether the trial court's adoption of that finding constituted an abuse of discretion.

Yet, in reviewing the discretion of the trial court to adopt referee's findings of fact over unsupported objections under Civ. R. 53(E)(6), we find that *any* consideration of an objection to a referee's finding of fact by the trial court necessarily requires that the finding of fact objected to "* * * be sufficient for the court to make an independent analysis of the issues and to apply appropriate rules of law in reaching a judgment order * * *" as required in Civ. R. 53(E)(5).

Accordingly, we also hold that a party who has objected to a referee's finding of fact as provided in the first sentence of Civ. R. 53(E)(6) is not precluded from claiming on appeal that the referee's finding was not sufficient for the trial court to make an independent analysis of the issues and to apply appropriate rules of law in reaching a judgment, even though that party has

failed to support that objection with a transcript or affidavit as provided in the second sentence of Civ. R. 53(E)(6) and even though that was not the basis of his objection in the trial court.

In his fifth assignment of error, appellant claims the court erred in awarding alimony to appellee. In his sixth assignment of error, appellant claims the court erred in awarding attorney fees to appellee, and in his seventh assignment of error, appellant argues that the court erred in its division of property. In each instance, appellant argues, essentially, that the trial court's judgment was against the weight of the evidence or an abuse of discretion in that the proper statutory or case criteria were not followed in each respective determination.

We have examined the referee's report and the judgment entry of the trial court with regard to each of the factual determinations now assigned as error. In accordance with our holdings set forth above, we find first of all that the findings of fact in each instance were sufficient for the trial court to make an independent analysis of the issues and to apply appropriate rules of law in reaching its judgment as required in Civ. R. 53(E)(5). Secondly, we find no abuse of discretion in the trial court's adoption of any finding of fact assigned as error. See *Purpura* v. *Purpura, supra,* and *Blakemore* v. *Blakemore* (1983), 5 Ohio St. 3d 217, 5 OBR 481, 450 N.E. 2d 1140. Thirdly, although we are not required to reach this issue under our interpretation of Civ. R. 53(E)(6) set forth above, we find that the judgment of the trial court is supported by some competent credible evidence going to each issue assigned as error and that the judgment of the trial court is, therefore, not against the weight of the evidence. *C. E. Morris Co.* v. *Foley Constr. Co.* (1978), 54 Ohio St. 2d 279, 8 O.O. 3d 261, 376 N.E. 2d 578.

Accordingly, appellant's fifth, sixth and seventh assignments of error are overruled.

### Assignment of Error No. 2

In his second assignment of error, appellant has challenged all of the referee's findings of fact appealed from on the basis that they were not sufficient for the trial court to make an independent analysis of the issue as required in Civ. R. 53(E)(5). Appellant never raised this issue in the trial court but argues that the "waiver" provisions of Civ. R. 53(E)(6) are not applicable to the requirements of Civ. R. 53(E)(5).

We have just held that a party who has objected to a referee's finding of fact in the manner provided in the first sentence of Civ. R. 53(E)(6) is not precluded from claiming on appeal that the referee's finding was not sufficient for the trial court to make an independent analysis of the issues and to apply appropriate rules of law in reaching a judgment, even though that party has failed to support that objection with a transcript or affidavit as provided in the second sentence of Civ. R. 53(E)(6) and even though that was not the basis of his objection in the trial court. Upon consideration of the record in this case, we have already overruled the second assignment of error as to the findings of fact upon which appellant's fifth, sixth and seventh assignments of error are based.

The question now remains whether a claim under Civ. R. 53(E)(5) that a referee's finding of fact was not sufficient for the trial court to make an independent analysis of the issues and to apply appropriate rules of law in reaching a judgment is waived on appeal where *no* objection to that finding is contained in that party's written objections to the referee's report.

The basis of appellant's argument appears to be that Civ. R. 53(E)(5)

mandates a duty on the part of the trial court to make an independent analysis of the referee's report. Therefore, any alleged failure of that duty may always be raised on appeal (as, in essence, "plain error") whether or not the issue was ever raised in the trial court.

As noted earlier, however, in our view, the provisions of Civ. R. 53(E)(5) pertaining to the sufficiency of findings of fact (as distinguished from errors of law) are not so much a statement of the duty of the trial court as a statement of the requirements of a referee's report. While, undoubtedly, Civ. R. 53(E)(5) was adopted to establish certain minimum requirements for a referee's report, it is our view, that by the adoption of Civ. R. 53(E)(6) (and Civ. R. 53[E][2] requiring specific objections with particular grounds), the Supreme Court and the legislature also intended that a party must call to the attention of the trial court his claim that those requirements (in so far as findings of fact are concerned) have not been met in his case as a prerequisite to appellate review.

The Supreme Court could have easily stated in Civ. R. 53(E)(5) that objections were not necessary to invoke a review of factual findings as it did with regard to errors of law. It did not do so and, indeed, expressly stated the contrary intention in Civ. R. 53(E)(6).

There is perhaps no better example of an issue which could be called to the trial court's attention at a time when the error could be corrected or avoided than the issue of whether the referee's findings are sufficient for the trial court to make an independent analysis of the issues. Accordingly, we find no good basis for distinguishing an assignment of error based upon an allegation of "insufficiency" under Civ. R. 53(E)(5) from any other assignment of error pertaining to the trial court's adoption of a finding of fact where *no* objection has been made in the trial court.

The vast majority of appeals from a trial court's adoption of referees' findings of fact are based upon allegations going to the weight of the evidence or an abuse of discretion. The distinction between these claims and an allegation under Civ. R. 53(E)(5) that the finding of fact was not sufficient for the trial court to make an independent analysis of the issues is obviously a subtle one. In our view, to interpret Civ. R. 53(E)(5) as exempting just one species of these arguments from the consequences of a failure to make any objection in the trial court would ultimately defeat the express purpose of Civ. R. 53(E)(6) and would soon render that section meaningless.

In accordance with our previous rulings, therefore, we hold that a claim that the trial court erred in adopting a referee's finding of fact, including a claim under Civ. R. 53(E)(5) that a referee's finding of fact was not sufficient for the trial court to make an independent analysis of the issues and to apply appropriate rules of law in reaching a judgment, is waived on appeal unless an objection to that finding is contained in that party's written objections to the referee's report.

As noted earlier, in his fourth and eighth assignments of error, appellant claims that the trial court erred in adopting the referee's findings of fact pertaining to the granting of the divorce and the payment of debts. Applying his second assignment of error to these issues, appellant now claims that the referee's findings of fact on those matters were not sufficient for the trial court to make an independent analysis of those issues. However, as we have also noted, appellant made no objection in the trial court to the findings of the referee pertaining to either the granting of the divorce or the payment of debts.

Accordingly, the second assignment of error is overruled as it pertains to the issues of divorce and debts complained of in the fourth and eighth assignments of error. For the same reasons, the second assignment of error is also overruled as to the procedural issues of reference and consent raised in appellant's first and third assignments of error.

In summary, then, we have come to the following conclusions and holdings pertaining to the language of Civ. R. 53(E)(5) and Civ. R. 53(E)(6) at issue here:

(1) Pursuant to the express terms of recently adopted Civ. R. 53(E)(6), we hold that a party may not assign as error the trial court's adoption of a referee's finding of fact unless an objection to that finding is contained in that party's written objections to the referee's report. See *Schade* v. *Carnegie Body Co., supra.*

(2) Accordingly, we hold that a claim that the trial court erred in adopting a referee's finding of fact, including a claim under Civ. R. 53(E)(5) that a referee's finding of fact was not sufficient for the trial court to make an independent analysis of the issues and to apply appropriate rules of law in reaching a judgment, is waived on appeal unless an objection to that finding is contained in that party's written objections to the referee's report.

(3) On the other hand, we hold that, unlike the failure to object at all, the mere failure to submit a transcript or affidavit in support of an otherwise properly made objection to a referee's report as provided in Civ. R. 53(E)(6) does not preclude appellate review of the trial court's adoption of a referee's finding of fact. However, in the absence of such transcript or affidavit, appellate review of the trial court's adoption of that finding of fact will be limited to whether the trial court's adoption of that finding constituted an abuse of discretion. See *Purpura* v. *Purpura, supra.*

(4) Notwithstanding our deference to the discretion granted to the trial court in the second sentence of Civ. R. 53(E)(6) to adopt a referee's finding of fact over an unsupported objection "without further consideration," we find that *any* consideration of an objection to a referee's finding of fact by the trial court necessarily requires that the finding of fact objected to "* * * be sufficient for the court to make an independent analysis of the issues and to apply appropriate rules of law in reaching a judgment order * * *" as required in Civ. R. 53(E)(5).

(5) Accordingly, we hold that a party who has objected to a referee's finding of fact in the manner provided in the first sentence of Civ. R. 53(E)(6) is not precluded from claiming on appeal that the referee's finding was not sufficient for the trial court to make an independent analysis of the issues and to apply appropriate rules of law in reaching a judgment, even though that party has failed to support that objection with a transcript or affidavit as provided in the second sentence of Civ. R. 53(E)(6) and even though that was not the basis of his objection in the trial court.

The appellant's assignments of error are overruled and the judgment of the Common Pleas Court of Allen County is affirmed.

*Judgment affirmed.*

MILLER, P.J., and EVANS, J., concur.