OPINION
This is an appeal from a judgment and decree of divorce. The sole issue presented is whether the domestic relations court erred when it determined that income from a partnership is the husband's separate property rather than marital property subject to an equal division between the spouses.
During the course of the marriage the husband, Jeffrey A. West, invested in a Wendy's franchise with two other persons. In succeeding years, Jeffrey[1] withdrew from active participation in the business, agreeing to accept a payment of $2,300 per year as a return on his investment.
Teresa M. West filed a complaint for divorce on September 8, 1997. The matter was referred to a magistrate, who held, interalia, that the $2,300 annual payment which Jeffrey receives is income only, and not an asset to be divided. The magistrate awarded Jeffrey the investment as his separate property, then included the $2,300 realized from it in Jeffrey's income base in calculating his child support and spousal support obligations. The magistrate's decision was filed on November 5, 1998.
Five days later, on November 10, 1998, Teresa filed an objection to the magistrate's decision. As and for grounds, the objection stated:
 "On September 3, 1998, a trial occurred in the above captioned cause. Said trial was occurred before the Magistrate who issued his Magistrate Decision and Order on November 5, 1998. It is the position of the Plaintiff that there was at least one critical legal error made in determining that a partnership which provides $2,300 per month (sic) in the income is property rather than income. The Magistrate found that this partnership generated $2,300 in income and therefore calculated the income for both child support and spousal support. It is the position of the Plaintiff that this is in fact is an asset of the marriage that should have been divided and therefore she should have been entitled to the income from the asset for as long as the partnership existed. Additionally, Plaintiff has expressed concern over the legality of how child support was determined and whether or not spousal support is sufficient for her needs.
 In order to prove to this Court that there is validity to the Plaintiff's objections it will be necessary to order the transcript of the trial which was recorded in the above captioned case. As the Court is aware, factual objections in the absence of a transcript is (sic) have no weight with a reviewing Court. Purpura v. Purpura 33 Ohio App.3d 237 (1986).
 WHEREFORE, the Plaintiff respectfully requests that this Court grant 14 additional days after the transcript is prepared in the above-captioned case in order to file detailed objections."
The court granted Teresa's request for an extension of time on the same date, allowing her the additional time requested. The transcript was not filed until December 1, 1998, prompting Teresa to request an additional fourteen day extension, which the court granted on December 9, 1998.
Teresa did not file her more detailed objections until February 4, 1999, well after the extension of time which the court granted had expired. Jeffrey moved to dismiss the objections as untimely filed. The court granted his motion, dismissing Teresa's objections. The court then issued a judgment and decree of divorce that adopted the magistrate's decision.
Teresa filed a timely notice of appeal. She presents a single assignment of error, which states:
 THE LOWER COURT COMMITTED REVERSIBLE ERROR IN FINDING THE SUBJECT PARTNERSHIP INTEREST TO BE INCOME ONLY TO THE APPELLEE/DEFENDANT RATHER THAN HOLDING THAT THE PARTNERSHIP INTEREST WAS A MARITAL ASSET SUBJECT TO EQUITABLE DIVISION, SAID HOLDING BY THE COURT WAS AN ABUSE OF DISCRETION.
It is unclear from the record why Teresa needed additional time to file more detailed objections to the magistrate's decision that the $2,300 annual payment from the partnership is Jeffrey's separate property. The amount of the income realized annually from the partnership investment, as well as the nature and age of the investment, was not in dispute. Perhaps Teresa believed that a transcript would reveal another flaw in the magistrate's decision, one of which she was as yet unaware. In any event, it is clear that Teresa failed to file her more detailed objections within the time the court allowed, and that the court dismissed her objections for that reason.
We cannot find that the trial court erred when it rejected the objections which Teresa filed on February 4, 1999. The court was authorized to strike that pleading as untimely filed. However, the record then before the court included the objection to the magistrate's decision quoted above, which Teresa had filed on November 10, 1998, a mere five days after the magistrate's decision and well-within the fourteen day period that Civ.R. 53(D)(3)(a) allows.
Civ.R. 53(E)(4)(c) states, inter alia: "The court may adopt a magistrate's decision and enter judgment without waiting for timely objections by the parties, but the filing of timely written objections shall operate as an automatic stay of execution of that judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered." Further, Civ.R. 53(E)(4)(d) provides: "The court shall rule on any objections."
The foregoing provisions prevent the court from vacating, modifying, or adhering to a magistrate's decision that has been stayed by objections which are timely filed until after the court rules on those objections. If the court fails to rule and proceeds to enter a judgment based on the magistrate's decision, or a judgment of its own, the judgment is a nullity.
Civ.R. 53(E)(3)(b) provides that objections must be specific and that the grounds relied upon must be stated with particularity. Further, any objection to a finding of fact must be supported by a transcript of all relevant evidence. The grounds for the objection that Teresa had filed on November 10, 1998, quoted above, were specific and stated with particularity. A transcript was filed on December 10, 1998. Therefore, the objections were both timely and sufficient in form, and per Civ.R.53(E)(4)(b) and (c) the court was required to rule on them before it entered a judgment decree of divorce adopting the magistrate's decision.
The trial court's failure to rule on the objections that Teresa filed on November 10, 1998 renders its judgment and decree of divorce a non-final order for purposes of R.C. 2505.02. Therefore, this court lacks jurisdiction to determine it, and the appeal must be dismissed. The case will be returned to the domestic relations court on our mandate to rule on Teresa's objections and enter a final judgment and decree of divorce accordingly.
WOLFF, J. and KOEHLER, J., concur.
(Hon. Richard Norman Koehler, Retired from the Court of Appeals, Twelfth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)
Copies mailed to:
David H. Fuchsman, Esq.
Kenneth Sheets, Esq.
Hon. Judson L. Shattuck
[1] The parties will be identified by their first names for purposes of economy and clarity.