The appellant, Janis E. Kuzio, appeals from an order of the Akron Municipal Court that required her to pay the appellee, Linda B. Klein, unpaid attorney's fees. We affirm.
This case stems from a fee dispute between Ms. Klein and Ms. Kuzio. Ms. Kuzio contacted Ms. Klein because Ms. Kuzio wanted her to draft some estate planning documents. On February 27, 1997, Ms. Kuzio signed a fee agreement in which she promised to pay $2,500 for legal services and paid $500 down on that amount. In exchange for this money, Ms. Klein promised to prepare one durable power of attorney, one durable power of attorney for health care, one living will, one revocable trust, three transfer deeds, and two last wills and testaments. On the evening of March 2, 1997, Ms. Kuzio signed the documents, except for a revocable trust, prior to undergoing surgery.
Ms. Klein filed suit against Ms. Kuzio in Akron Municipal Court for breach of contract and bad faith and demanded $2,000 in damages. Ms. Kuzio filed a counterclaim on the basis that the legal work that was performed for her was of a substandard quality. The magistrate ruled that Ms. Kuzio was entitled to $250 and that Ms. Klein was entitled to $1,250. With this off-set, the magistrate ordered Ms. Kuzio to pay $1,000, plus ten percent interest, to Ms. Klein. Ms. Kuzio filed an objection to the magistrate's report, and the trial court overruled the objection, adopted the magistrate's decision, and entered judgment accordingly.
Ms. Kuzio timely appealed and has raised four assignments of error.
ASSIGNMENT OF ERROR I
 That the court, in assessing [the] reasonable value of [Ms. Klein's] fees determined that her unique skill [w]as an important factor where the case involved is not such as to call for such specialized ability.
ASSIGNMENT OF ERROR II
 That [the] court committed error by not taking into consideration the results secured for the benefit of the defendant.
ASSIGNMENT OF ERROR III
 That the court did not take into consideration amounts customarily charged or allowed for similar services in [the] same locality in determining the value of professional services rendered.
ASSIGNMENT OF ERROR IV
 That the court committed error by not taking into consideration testimony by [Ms. Klein] and documents submitted by [Ms. Kuzio] that were in direct conflict with [Ms. Klein's] testimony.
Because all four of Ms. Kuzio's assignments of error aver that the trial court erred in adopting the magistrate's decision in light of the evidence, we will address them together. Ms. Kuzio contends that the trial court's conclusion was improper because the documents that were prepared by Ms. Klein contained errors and the fees charged by Ms. Klein were unreasonable.
An appellate court determines whether a trial court abused its discretion by adopting a magistrate's report in light of the evidence before the trial court. Proctor v. Proctor (1988),48 Ohio App.3d 55, 60. An abuse of discretion implies that the trial court's attitude was "unreasonable, arbitrary, or unconscionable."Wade v. Wade (1996), 113 Ohio App.3d 414, 419, quoting Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219.
In this case, the record reveals that Ms. Kuzio signed a contract in which she agreed to pay Ms. Klein for legal services and that Ms. Klein performed these services. The trial court did not award Ms. Klein the full amount of the balance remaining in the contract and thereby compensated Ms. Kuzio for those documents that were improperly drafted. In addition, the record reveals that Ms. Klein performed the services within a short amount of time and that Ms. Kuzio did not provide all the information that Ms. Klein requested for drafting purposes. Accordingly, we find that the trial court did not abuse its discretion by adopting the magistrate's report in light of the evidence of unpaid fees that was before the trial court.
Ms. Kuzio's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
LYNN C. SLABY FOR THE COURT BAIRD, P.J.
WHITMORE, J.
CONCUR