[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Robert Hughes appeals from the trial court's entry of a decree of divorce. The defendant claims that the trial court erred in its division of the parties' property. The trial court adopted all of the findings of fact and conclusions of law of the magistrate who held a hearing on the distribution of the property.
Although defendant filed objections to the magistrate's decision pursuant to Civ.R. 53(E)(3)(b), he failed to file a transcript of the proceedings before the magistrate. The trial court therefore overruled the defendant's objections to the magistrate's findings of fact and affirmed the magistrate's conclusions of law.
Because the defendant failed to provide the trial court with a transcript of the proceedings before the magistrate, "appellate review of the court's findings is limited to whether the trial court abused its discretion in adopting the referee's report, and the appellate court is precluded from considering the transcript of the hearing submitted with the appellate record." State exrel Duncan v. Chippewa Township Trustees (1995), 73 Ohio St.3d 728;654 N.E.2d 1254; see, also, High v. High
(1993), 89 Ohio App.3d 424, 427, 624 N.E.2d 801, 802-803;Proctor v. Proctor (1988), 48 Ohio App.3d 55,548 N.E.2d 287; Purpura v. Purpura (1986), 33 Ohio App.3d 237,575 N.E.2d 027. Thus, this court is limited to determining whether the trial court abused its discretion in applying the law to the findings of fact in the magistrate's report. See id.. An abuse of discretion is more than an error in judgment; it implies that the lower court was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,450 N.E.2d 1140.PRIVATE
In this case, we hold that the trial court did not abuse its discretion in adopting the magistrate's decision. The magistrate's division of the property was in accordance with R.C.3105.171. The award of the defendant's separate property to the plaintiff was proper pursuant to R.C. 3105.171(D) and (E). The increase in the value of the property inherited by the defendant was properly considered marital because marital funds were used to improve the property, and the use of the gross increase in value rather than the net proceeds of the sale of the property was not contrary to law. Finally, the magistrate did not err as a matter of law in determining that $5,865.70 of the estate that the defendant inherited from his father and that was otherwise the defendant's separate property should be considered marital property because that amount could have been taken by the defendant as a fee for being executor of the estate.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
HILDEBRANDT, P.J., SUNDERMANN and WINKLER, JJ.
 To the Clerk:
Enter upon the Journal of the Court on February 9, 2000
per order of the Court.
Presiding Judge