OPINION
This appeal is from a decision of the Seneca County Court of Common Pleas, which granted the parties a divorce and set forth a division of property. The appellant, LaDonna Steinmetz ("appellant"), contends that the trial court's decision was an abuse of discretion. The court also has before it a motion to dismiss filed by the appellee, David Steinmetz ("appellee"). The appellee alleges that the appellant failed to timely file a true transcript of the proceedings. For the following reasons, we affirm the judgment of the trial court.
The pertinent facts and procedural history of this matter are as follows. The parties were married on January 18, 1980. On December 29, 1997, the appellee filed a complaint for divorce. The appellant filed an answer and counterclaim on February 12, 1998. After numerous pre-trial conferences, a final divorce trial was held on August 24, 1999.[1] The trial was presided over by Magistrate Arthur Graham and both parties presented evidence and testimony. On October 6, 1999, the magistrate issued a decision, which was approved and incorporated into the Judgment Entry-Divorce Decree issued by the trial court later that same day. It is from this judgment that the appellant now appeals asserting five assignments of error.
On March 6, 2000, the appellee filed a motion to dismiss in this Court. The appellee contends that the appellant failed to timely file a true transcript of the proceedings or an appropriate statement of the evidence. In this case, the proceedings before the trial court were recorded by audiotape. There was no court reporter personally present at the trial. On January 20, 2000, the appellant filed a transcription of the proceedings in this court. The certificate of reporter attached to the transcription reflected that the court reporter was not personally present during all of the proceedings.
Appellate Rule 9 of the Ohio Rules of Appellate Procedure sets forth the requirements concerning the record on appeal. App.R. 9(A) provides, in pertinent part, the following.
 The original papers and exhibits thereto filed in the trial court, the transcript of the proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court shall constitute the record on appeal in all cases. * * * Proceedings recorded by means other than videotape must be transcribed into written form. When the written form is certified by the reporter in accordance with App.R. 9(B), such written form shall then constitute the transcript of proceedings.
 App.R. 9(B) states that "the reporter shall certify the transcript as correct, whether in written or videotape form, and state whether it is a complete or partial transcript * * *." Local Rule 5 of the Third District Court of Appeals states the following concerning the certificate of reporter.
 (C) The certificate of the court reporter to a transcript of proceedings, as defined and set forth in Appellate Rule 9(A) and 9(B) must reflect attendance at the proceedings * * *.
 (D) In appeals of proceedings not attended by a court reporter the parties shall proceed under * * * App.R. 9(C) when the proceedings were recorded by means of audiotape.
App.R. 9(C) requires the following:
 If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement shall be served on the appellee no later than twenty days prior to the time for transmission of the record pursuant to App.R. 10, who may serve objections or propose amendments to the statement within ten days after service. The statement and any objections or proposed amendments shall be forthwith submitted to the trial court for settlement and approval. * * *
 In the case sub judice, it appears that the appellant has failed to comply with the Appellate Rules and the Local Rules of this Court. The appellant simply submitted a transcription of the proceedings, made from the audiotapes by a reporter who was not present at the divorce trial. No one present at the proceedings ever certified that this was a correct recitation of what occurred.
The appellant contends that it would be illogical and wasteful to follow the procedure asserted by the appellee, i.e. comply with the Appellate Rules and Local Rules of this Court. The appellee reads Local Rule 5 and App.R. 9(C) as requiring the parties to compile a record of the proceedings from memory. However, the rule states that the record should be made from the "best available means." In this case, the best available means is clearly from the audiotapes, the means in which the appellant employed. The appellant erred by not having the transcription reviewed by the appellee and approved by the trial court. Without certification by someone actually present, this court has no guarantee that the record accurately and completely reflects what occurred at the proceedings. For the reasons stated above, we find that the appellant has failed to file a proper transcript in this case and this Court will not consider the transcription filed by the appellant.
The appellant has asserted five assignments of error for this Court to review. All the assignments concern the findings reached by the magistrate. Due to that fact that the appellant failed to object to the magistrate's decision, she has waived her right to raise these issues on appeal.
This case was heard by a magistrate, who on October 6, 1999, issued his decision. The trial court immediately adopted the magistrate's decision. Neither party filed any objections to this decision. The appellant now attempts to appeal the decision of the magistrate. However, Civ.R. 53(E)(3)(b), states "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." We have previously held the failure to object constitutes a waiver on appeal of the issue. Proctor v. Proctor (1988), 48 Ohio App.3d 55,58-59, Simpson v. Simpson (May 28, 1999), Marion App. No. 9-98-68, unreported.
At the hearing in this matter, the appellant contended that the parties had agreed to have the final judgment in this matter rendered by the magistrate and therefore, objections were not required. The appellee vigorously disagreed with the appellant's contention and there is no evidence in the record to support the existence of any such agreement. While this Court is skeptical of the appellant's contention, even if the parties had reached such an agreement, it would be contrary to the Ohio Rules of Civil Procedure. Civ.R. 53(E)(4)(a) clearly states that a "magistrate's decision shall be effective when adopted by the court." Furthermore, the Judgment Entry of the trial court clearly states that "[t]imely written objection to the Magistrate's Decision shall operate as an automatic stay until further order of the Court." It is clear to this Court that the appellant was on notice that the standard procedures set forth in Civ.R. 53 were being followed and in order to preserve her rights for appeal, objections must be filed with the trial court. She failed to file any objections and, therefore, has waived all the assignments she now attempts to have reviewed.
Accordingly, it is not necessary for this Court to address the appellant's assignments of error. The appellant's appeal is hereby dismissed and the judgment of the trial court is affirmed.
Judgment affirmed.
 ______________________________ HADLEY, PRESIDING JUDGE
 BRYANT and SHAW, JJ., concur.
[1] The trial was concluded on August 25, 1999.