JOURNAL ENTRY AND OPINION
Frank Kozlevchar appeals from a judgment of the domestic relations court which increased the amount of spousal support to his ex-wife, Marlene Kozlevchar, from $705.00 per month to $950.00 per month; on appeal, he argues that the court abused its discretion in considering his wife's objections to the magistrate's report because she did not support them with a complete transcript and because she did not properly serve the transcript on him.
Marlene Kozlevchar cross-appeals from the same judgment arguing that the court failed to restore her husband's spousal support obligation to the original amount of $1,500.00 per month and she contends the court miscalculated his arrearage on those payments.
After reviewing the record, we have concluded that the court abused its discretion when it raised the husband's support obligation from $705.00 to $950.00 per month. Therefore, we modify the decision of the trial court in accordance with this opinion.
The facts of this case reveal that the parties divorced in 1991, and at that time the court ordered the husband to pay spousal support to the wife in the amount of $1,500.00 per month for ten years. At that time, the husband worked at Eaton Corporation earning approximately $60,000.00 per year, and his wife had been unemployed. In August 1995, at the age of fifty-five and one-half, he retired from Eaton, because of failing health and job-related stress. Due to his unexpected retirement, his monthly income decreased from $5,000.00 per month to $2,366.00 per month. Because he could no longer afford to pay spousal support of $1,500.00 per month, he filed a motion with the court to modify it. The court referred the matter to a magistrate, who heard the motion on the following dates: July 1, 1997; July 14, 1997; September 22, 1997; October 27, 1997; December 17, 1997; December 18, 1997; and January 20, 1998. More than a year later, on July 10, 1998, the magistrate ordered the spousal support reduced to $705.00 per month, denying attorney fees to the wife. She then filed objections to the magistrate's report, but only filed a partial transcript of both the July 1, 1997 and the January 20, 1998 hearings. On February 2, 1999, the trial court, after considering the matter, modified the magistrate's recommendation, increased the husband's spousal support obligation to $950.00 per month, and awarded the wife $1,000.00 in attorney fees. Both parties now appeal and each sets forth two assignments of error.
The husband's first assignment of error states:
 THE TRIAL COURT ERRED WHEN IT ABUSED ITS DISCRETION BY CONSIDERING APPELLEE'S OBJECTIONS TO THE MAGISTRATE'S DECISION WITH FINDINGS OF FACT AND CONCLUSIONS OF LAW.
Here, the husband is challenging the court's ability to review the wife's objections without the benefit of a full transcript of the evidence from all the dates of the hearing.
The issue presented to us here concerns whether the court may consider objections to a magistrate's report, that had been supported by a partial transcript.
Civ.R. 53(E)(3)(b) provides that objections to a magistrate's report shall state with particularity the grounds for the objection. Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact.
In Purpura v. Purpura (1986), 33 Ohio App.3d 237, the court stated:
 A trial court may properly adopt a referee's factual findings without further consideration where the person objecting to the referee's findings of fact fails to provide the court with a transcript of the referee's hearing or other evidentiary material to contest the referee's findings.
Further, in Wade v. Wade (1996) 113 Ohio App.3d 414, citing Hearnv. Broadwater (1995) 105 Ohio App.3d 586, the court stated:
 Regardless of whether a transcript has been filed, the trial judge always has the authority to determine if the referee's findings of fact are sufficient to support the conclusions of law drawn therefrom and come to a different legal conclusion if that conclusion is supported by the referee's findings of fact.
The record here reveals the wife's objections contended that the magistrate erred in determining the following issues: whether a change in circumstances involving spousal support had been contemplated at the time of the divorce; whether the husband's retirement had been early and voluntary; whether the husband could afford to pay $1,500.00 per month in spousal support; whether the wife's educational degree constituted a change in her circumstances; and whether the husband should have been ordered to pay the wife's attorney fees.
We have concluded that the partial transcript submitted by the wife provides testimony relevant to each objection she has made to the magistrate's report. Therefore, we have concluded that in accordance with Civ.R. 53(E)(3)(B), Purpura and Wade, the court did not abuse its discretion when it considered appellee's objections to the magistrate's report. Thus, this assignment of error is not well taken.
 A TRIAL COURT ABUSES ITS DISCRETION WHEN IT CONSIDERS OBJECTIONS TO A MAGISTRATE'S DECISIONS, WHICH OBJECTIONS ARE SUPPORTED BY PARTIAL TRANSCRIPTS THAT WERE NOT SERVED ON THE OPPOSING PARTY AND DO NOT BEAR A PROOF OF SERVICE.
The husband claims that Civ.R. 5(D) required his wife to serve him with a copy of the transcript she filed. Alleging that the transcript did not bear a proof of service, he believes the court improperly considered it when it adjudicated this case.
In this instance, the husband has misread Civ.R. 5(D); the civil rules do not provide that transcripts must be served on parties. Accordingly, this assignment of error is not well taken.
The cross-assignments of error state:
 THE TRIAL COURT ERRED WHEN IT DID NOT RESTORE CROSS APPELLEE'S SPOUSAL SUPPORT OBLIGATION.
 THE TRIAL COURT ERRED WHEN IT MISCALCULATED THE NUMBER OF MONTHS THROUGH WHICH AN ARREARAGE OF SPOUSAL SUPPORT WOULD EXIST.
Marlene Kozlevchar urges that the court abused its discretion when it failed to restore the spousal support order to $1,500.00 per month, asserting that voluntary retirement does not warrant a modification of support; that her husband misrepresented his financial position; and that early retirement had been contemplated at the time of the divorce. She also maintains that the court miscalculated the amount in arrearage.
Frank Kozlevchar maintains the court properly reduced his support obligation and correctly calculated his amount in arrearage.
The issue, then, concerns whether the court erred when it failed to raise cross-appellee's spousal support award to $1,500.00 and whether it properly calculated the arrearage.
In Roach v. Roach (1989) 61 Ohio App.3d 315, the court stated:
 Where modification of an existing order for the payment of sustenance alimony is requested, the threshold determination is whether there has been a substantial change in circumstances which was not contemplated at the time of the original order. In addition, the alleged change in circumstances must not have been purposely brought about by the party seeking modification. (Citations omitted)
Regarding the wife's claim that the court erred when it failed to restore the award of spousal support to $1,500.00 per month, the evidence presented reveals that the husband's income had been approximately $5,000.00 per month at the time of the original decree due to his employment at Eaton Corporation. After retirement, the record reveals that his gross income decreased to $2,366.00 per month. Such a decrease constituted a substantial change in circumstances which had not been contemplated at the time of the original order and justified a reduction in the husband's spousal support obligation. The magistrate reduced the obligation from $1,500.00 per month to $705.00 per month, proportionate to the reduction in the husband's income. The trial court, however, after considering the wife's objections to the magistrate's recommendation, increased the spousal support obligation to $950.00 per month and also ordered payment of $1,000.00 toward the wife's attorney fees.
Here, the record supports the court's conclusion that the husband's retirement had not been voluntary; that he could not have contemplated the state of his health nine years after the date of the divorce; and that the husband's income had been reduced by more than half following his retirement. Based on the testimony presented, we have concluded that the record supports the actions taken by the magistrate in this case. However, the record presented to us does not contain evidence to justify the trial court's increase of $705.00 per month to $950.00 per month. Accordingly, we are constrained to vacate the support order of $950.00 per month and to reinstate the $705.00 per month order of spousal support.
Regarding the wife's claim that the court miscalculated the husband's amount in arrearage, we begin by noting that pursuant to App.R. 9(B), it is incumbent upon the appellant to file a complete transcript of the proceedings upon which the assignments of error are predicated. In this instance, the wife failed to file a copy of the September 22, 1997 transcript or to demonstrate the manner in "which the court miscalculated the husband's arrearage. Accordingly, we cannot determine this assignment of error to be well taken. We do however recognize that the court ordered the husband to pay an additional $100.00 per month to the wife toward the arrearage until all sums are paid in full. This alone provides a basis for the award of $1,000.00 in attorney fees. We have therefore concluded that the assignments of error presented by the wife are not well taken. Accordingly, the judgment of the trial court awarding spousal support of $950.00 per month is modified to $705.00 per month in conformity with the evidence; said judgment is affirmed in all other respects.
Judgment accordingly.
It is ordered that defendant-appellant cross-appellee recover of plaintiff-appellee cross-appellant costs herein. The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing Domestic Relations Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON. J. and MICHAEL J. CORRIGAN. J., CONCUR
 ___________________________________ TERRENCE O'DONNELL, PRESIDING JUDGE