decision and journal entry
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Marilyn Rusu ("Rusu"), appeals from the order of the Summit County Court of Common Pleas, which found in favor of Appellee, Charlie Vance ("Vance"). We reverse.
Vance filed a complaint against Rusu seeking an injunction prohibiting Rusu from interfering with Vance's property rights in a shared driveway located between their properties. On November 1, 2000, the magistrate filed his decision, finding a joint driveway easement and requiring Rusu to remove a fence she had erected lengthwise down the center of the driveway. Rusu timely filed her objections to the magistrate's decision and filed a praecipe to the court reporter for a transcript of proceedings. On January 2, 2001, the court granted an extension of time until February 1, 2001, for filing the transcript. On January 4, 2001, the trial court proceeded without the transcript and issued its decision, overruling Rusu's objections and adopting the magistrate's findings. Rusu timely appealed raising three assignments of error, which have been rearranged for ease of review.
 ASSIGNMENT OF ERROR III
The trial court abused its discretion in failing to addresss [sic.] [Rusu's] objections to [the] magistrate's decision[,] in violation of Civil Rule 53(E)(4)(b)[,] by issuing a judgment entry overruling said objections and adopting said decision without benefit of a transcript when [Rusu] had properly filed a praecipe for a transcript of the trial and the court itself had granted a thirty day extension to the court reporter to file the transcript just two days prior to the filing of the judgment entry.
In her third assignment of error, Rusu argues that the trial court erred when it overruled her objections and adopted the magistrate's decision without waiting for and reviewing the requested transcript of proceedings. We agree.
A trial court's adoption of a magistrate's decision is reviewed under an abuse of discretion standard of review. See Mealey v. Mealey (May 8, 1996), Wayne App. No. 95CA0093, unreported, at 5. An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
Civ.R. 53(E)(3)(a) allows a party to file written objections to a magistrate's decision within fourteen days of the filing of the decision. Further, Civ.R. 53(E)(3)(b) states, in relevant part, that "[a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." If a party fails to file a transcript of the hearing before the magistrate, the trial court may adopt the magistrate's findings without further consideration. Purpura v. Purpura (1986), 33 Ohio App.3d 237, 239. However, Civ.R. 53(E)(3)(b) does not require that a transcript be filed simultaneously with the objections. In re Guardianship of Allen (Mar. 31, 2000), Lake App. No. 98-L-261, unreported, 2000 Ohio App. LEXIS 1403, at *6. Civ.R. 6(B) allows a trial court to extend the time period for filing a transcript of proceedings.
In the instant case, the magistrate filed his decision on November 1, 2000. Pursuant to Civ.R. 53(E)(3)(a), Rusu timely filed her objections on November 15, 2001. She objected to four findings of fact, seven conclusions of law and, pursuant to Civ.R. 53(E)(3)(b), specifically stated that the objections would be supported with a transcript of the hearing before the magistrate. On the same day, Rusu filed a praecipe to the court reporter for the transcript of proceedings. On January 2, 2001, the trial court granted a thirty day extension of time for filing the transcript, pursuant to Civ.R. 6(B). Two days later, on January 4, 2001, without the benefit of the transcript or an affidavit, the trial court reviewed the magistrate's decision and found no error of law or other defect on the face of the decision. In its entry, before stating its findings, the court noted the following:
The Court further finds that the Magistrate's Decision contains sufficient findings of fact and conclusions of law to allow this Court to make its own independent analysis of the issues[.] * * * Therefore, notwithstanding said objections filed in this matter, the Court shall adopt the Magistrate's Decision with its conclusions and findings.
In light of the foregoing facts, we hold that the trial court abused its discretion by adopting the magistrate's decision without waiting for and reviewing the requested transcript. Since the trial court erred in adopting the magistrate's decision without reviewing the transcript, this matter is remanded so that the court below can review the transcript and render its decision accordingly. Rusu's third assignment of error is sustained.
assignment of error i
The trial court's ruling that [Vance] is entitled to an easement of necessity on the driveway of [Rusu] is contrary to law and contrary to evidence.
 ASSIGNMENT OF ERROR II
The trial court's ruling that [Vance] is entitled to a prescriptive easement upon the driveway of [the property] owned by [Rusu] is contrary to law and the evidence.
In Rusu's first and second assignments of error, she contends that the trial court erred in finding that Vance was entitled to an easement of necessity and a prescriptive easement upon the driveway located between the two properties. Based on the outcome of Rusu's third assignment of error, her first and second assignments of error need not be addressed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 ____________________________ LYNN C. SLABY
BATCHELDER, P.J., CARR, J. CONCUR.