OPINION
Defendant-appellant Melvin David Doane appeals the June 12, 2000 Judgment Entry of the Guernsey County Court of Common Pleas which overruled his objections to the magistrate's decision and adopted the magistrate's Decision and Decree of Divorce. Plaintiff-appellee is Karen K. Doane
 STATEMENT OF THE CASE AND FACTS
The parties were married on August 30, 1986. Two children were born as issue of the marriage: Shelby Lynn Doane, born October 2, 1991; and Brian Lucas Doane, born July 4, 1994. In addition to the parties' two children, appellant also has a child from a previous relationship. Prior to the parties' separation, appellant's son, Joey, resided with the parties. When the parties separated, Joey remained with appellee until he left her residence to reside with a grandmother in the Spring of 1999. On May 19, 1999, appellee filed her complaint for divorce. The matter was set for a final hearing on November 1, 1999, and continued until April 10, 2000. At the time appellee filed the divorce complaint, the parties owned certain personal and real property. Appellee was the title owner to 2.84 acres of land located in Adams Township, Guernsey County, Ohio. The property not only included the real estate, but also a mobile home with septic, water, and utility improvements. Appellee's father, Donald C. Lucas, gave the property to appellee by warranty deed recorded February 8, 1988. At the final hearing, Donald Lucas testified he gave this real estate to his daughter, placing it solely in her name, as a gift to her and to insure she would always own the property. Mr. Lucas testified it was his specific intention to place ownership of the real estate and the mobile home located thereon in the name of his daughter, appellee, only. In 1990, the parties constructed a modular home on the premises. Appellee sold the mobile home she had acquired from her father, and used the money from the sale ($3,750) to repay a $4,000 loan her father had provided for the down payment of the modular home. The parties borrowed $40,000 for the construction of the modular home and basement construction. After the initial purchase of the modular home, the parties acquired a second mortgage to construct a garage for appellant's trucking business and to payoff income tax debt accumulated by the trucking business. The parties also owned a 1972 Tri-Hall speed boat. Apparently, appellee's father, Mr. Lucas, gave a pontoon boat to appellant, placing the title in appellant's name. Appellant traded the pontoon boat for the speed boat which remains titled in appellant's name. The testimony at trial revealed appellee was the primary caretaker of the children. Appellee testified appellant loved his children and his relationship had gotten better with the children since the divorce. However, appellant testified because she routinely took care of the children's needs, she believed the children should remain with her. Appellant testified he had a strong relationship with his children. He attends school meetings and remains active in the lives of his children. Appellant sought a shared parenting plan. After hearing all the evidence, the magistrate filed a Decision and Decree of Divorce on May 3, 2000. Of specific importance to this appeal, the magistrate concluded appellee should retain possession of the marital residence. Further, the magistrate found the gift of the real estate and mobile home was appellee's separate property. Accordingly, the magistrate offset the value of these assets from the equity of the property in favor of appellee. The magistrate also concluded the speed boat was marital property and awarded it to appellant with appellee being give credit for one half of the equity. Finally, the magistrate denied appellant's motion for a shared parenting plan and named appellee the custodial and residential parent. Appellant was provided standard visitation plus two additional weekends of visitation per month. Both parties filed objections to the magistrate's decision. In a June 12, 2000 Judgment Entry, the trial court denied appellant's objection requesting shared parenting, and appellant's objection as it related to the division of separate and marital property. Further, the trial court modified the visitation schedule ordered in the magistrate's decision, to the standard visitation schedule for appellant. It is from this judgment entry appellant prosecutes his appeal, assigning the following as error:
 I. IT IS AN ABUSE OF DISCRETION AND, THEREFORE, ERROR FOR THE TRIAL COURT TO DETERMINE THAT THE REAL ESTATE AND THE MONIES USED FROM THE SALE OF THE MOBILE HOME BE DETERMINED THE SEPARATE PROPERTY OF THE PLAINTIFF-APPELLEE.
 II. IT IS AN ABUSE OF DISCRETION AND, THEREFORE, ERROR FOR THE TRIAL COURT TO FAIL TO REQUIRE THE PLAINTIFF-APPELLEE TO REFINANCE THE TWO EXISTING MORTGAGES ON THE REAL ESTATE OF THE PARITIES IN THIS MATTER.
 III. IT IS AN ABUSE OF DISCRETION AND, THEREFORE, ERROR FOR THE TRIAL COURT TO FAIL TO AWARD THE SPEED BOAT AS THE SEPARATE PROPERTY OF THE DEFENDANT-APPELLANT.
 IV. IT IS AN ABUSE OF DISCRETION AND, THEREFORE, ERROR FOR THE TRIAL COURT TO DESIGNATE A RESIDENTIAL PARENT AND LEGAL CUSTODIAN AND FAILING TO CONSIDER A SHARED PARENTING PLAN WITHOUT DUE REGARD TO ALL OF THE REQUIREMENTS OF OHIO REVISED CODE SECTION 3109.04(F)(1).
 I
In his first assignment of error, appellant maintains the trial court abused its discretion in finding the real estate of the marital residence and the monies used from the sale of the mobile home to be the separate property of appellee. We disagree. As a general matter, we review the overall appropriateness of the trial court's property division pursuant to divorce proceedings under an abuse-of-discretion standard. Cherry v. Cherry (1981), 66 Ohio St.2d 348, 20 O.O.3d 318, 421 N.E.2d 1293. However, we agree with our colleagues in the First and Fourth District Courts of Appeals that with the enactment of R.C. 3105.171, the characterization of property as separate or marital is a mixed question of law and fact, not discretionary, and the characterization must be supported by sufficient, credible evidence. (See McCoy v. McCoy (1995),105 Ohio App.3d 651, 654; Kelly v. Kelly (1996), 111 Ohio App.3d 641. Once the characterization has been made, the actual distribution of the asset may be properly reviewed under the more deferential abuse-of-discretion standard. R.C. 3105.171(D); Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Pursuant to R.C. 3105.171, a trial court must classify property as marital or separate before making an award of such property. When the parties contest whether an asset is marital or separate property, the presumption is that the property is marital, unless proven otherwise. The burden of tracing separate property is upon the party claiming its existence by a preponderance of the evidence. DeLevie v. DeLevie (1993),86 Ohio App.3d 531, 536. A determination of traceability is a finding of fact. James v. James (1995), 101 Ohio App.3d 668. A factual finding of the trial court will be reversed only if it is found to be against the manifest weight of the evidence. Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77. Judgments supported by some competent, credible evidence will not be reversed as against the manifest weight of the evidence. Id. at 80. The Ohio Revised Code defines marital property as all real and personal property, currently owned by either or both of spouses, and acquired by either or both of the spouses during the marriage. R.C. 3105.171(A)(3)(a)(I). A trial court is to assume that any property acquired during the marriage is marital, unless evidence is offered to rebut the presumption. Barkley v. Barkley (1997),119 Ohio App.3d 155, 160. "Separate property" is defined in R.C. 3105.171. The statute provides, in pertinent part: (A)(6)(a) "Separate property" means all real and personal property and any interest in real or personal property that is found by the court to be any of the following:
* * *
 (vii) Any gift of any real or personal property or of an interest in real or personal property that is made after the date of the marriage and that is proven by clear and convincing evidence to have been given to only one spouse.
 We note appellant failed to file a transcript of the final hearing before the magistrate for the trial court to review when ruling on appellant's objections to the magistrate's decision. Civ.R. 53 states, in pertinent part: (E) Decisions in referred matters
 * * * Except as to those matters on which magistrates are permitted to enter orders without judicial approval pursuant to division (C)(3) of this rule, all matters referred to magistrates shall be decided as follows:
* * *
(3) Objections
* * *
 (b) Form of objections.* * * Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule.
When a party objecting to a magistrate's decision has failed to provide the trial court with the evidence and documents by which the trial court could make a finding independent of the report, appellate review of the court's findings is limited to whether the trial court abused its discretion in adopting the magistrate's decision and the appellate court is precluded from considering the transcript of the hearing submitted with the appellate record. State ex rel. Duncan v. Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728, 654 N.E.2d 1254. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably. Because appellant did not file a transcript of the trial proceedings with his objections to the magistrate's decision, the factual findings of the magistrate are deemed established and may not be attacked on appeal. Accordingly, we review appellant's assignments of error only to analyze whether the trial court abused its discretion in reaching specific legal conclusions based upon the established facts. With regard to appellant's first assignment of error, the magistrate concluded: * * * The Magistrate further finds that the testimony before the Court is that Plaintiff grew up on the land in question when it was part of her father's estate. The parties resided with the Plaintiff's father when they first married. Following a fire which destroyed the then existing residence shared by the parties and [appellee's] father, the parties discussed having their own residence.
The Magistrate finds that [appellee's] father testified that he intentionally deeded the land (2.84 acres), which at the time had a mobile home attached, in his daughter's name only so that she could reside close to him. The Magistrate further finds that no testimony has been presented indicating that any consideration was paid for such property. * * *
* * *
 The Magistrate finds that the mobile home on the foregoing property was sold for $3,750.00. Such sum was used to make a down payment on the marital residence.
* * *
The Magistrate finds that the parties have two outstanding mortgages on the marital residence and a garage that was later built. * * * the land [has] a value of $13,840.00 and the improvements have a value of $69,880.00.
Magistrate's Decision, Findings of Fact 3-5.
We find the trial court's decision the real estate on which the marital residence was located and the mobile home were the separate property of appellee was supported by sufficient, competent credible evidence. Accordingly, we find no abuse of discretion in the trial court's distribution of these assets. Appellant's first assignment of error is overruled.
 II
In appellant's second assignment of error, he maintains the trial court abused its discretion in failing to require appellee to refinance the two existing mortgages on the real estate. Appellant withdrew this assignment of error at oral argument as moot. Accordingly, we will not address this assignment of error.
 III
In appellant's third assignment of error he maintains the trial court abused its discretion in failing to award the speed boat to him as separate property. Appellant maintains if the trial court would find appellee's father's gift of the real property discussed in Assignment of Error No. 1 to be separate property, the speed boat, motor, and trailer to appellant must also be separate property. We note appellant did not raise this argument to the trial court in his objections to the magistrate's decision. Civ.R. 53(E)(3)(b) states: A party shall not assign as error on appeal, the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule.
Appellant's failure to file an objection to the magistrate's report with the trial court constitutes a waiver of any alleged error resulting from the magistrate's report. Proctor v. Proctor (1988), 48 Ohio App.3d 55,58. This result is in accord with the general rule that an appellate court will not consider any error which the party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been corrected or avoided by the trial court. Schade v. Carnegie Body Co. (1982),70 Ohio St.2d 207. Accordingly, appellant's third assignment of error is overruled.
 IV
In his fourth assignment of error, appellant maintains the trial court abused its discretion in failing to consider the shared parenting plan without due regard to the requirements of R.C. 3109.04(F)(1). As with appellant's third assignment of error, appellant failed to raise this specific argument as an objection to the trial court. However appellant's second objection to the magistrate's decision states, in pertinent part: Objection is made to the refusal to grant the request for shared parenting. * * * Lack of communication between the parents does not necessarily exclude shared parenting to serve the best interests of the children.
Because appellant generally addressed the issue of shared parenting, we will address his fourth assignment of error. R.C. 3109.04 governs the allocation of parental rights. The statute provides, in relevant part: (F)(1) In determining the best interest of a child pursuant to this section, whether on an original decree allocating parental rights and responsibilities for the care of children or a modification of a decree allocating those rights and responsibilities, the court shall consider all relevant factors, including, but not limited to:
(a) The wishes of the child's parents regarding his care;
 (b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
 (c) The child's interaction and interrelationship with his parents, siblings, and any other person who may significantly affect the child's best interest;
(d) The child's adjustment to his home, school, and community;
 (e) The mental and physical health of all persons involved in the situation;
 (f) The parent more likely to honor and facilitate visitation and companionship rights approved by the court;
 (g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;
 (h) Whether either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of an adjudication; whether either parent previously has been convicted of or pleaded guilty to a violation of section 2919.25 of the Revised Code involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent previously has been convicted of or pleaded guilty to any offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;
 (I) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent his or her right to visitation in accordance with an order of the court;
 (j) Whether either parent has established a residence, or is planning to establish a residence, outside this state.
 (2) In determining whether shared parenting is in the best interest of the children, the court shall consider all relevant factors, including, but not limited to, the factors enumerated in division (F)(1) of this section, the factors enumerated in division (B)(3) of section 3113.215 of the Revised Code, and all of the following factors:
 (a) The ability of the parents to cooperate and make decisions jointly, with respect to the children;
 (b) The ability of each parent to encourage the sharing of love, affection, and contact between the child and the other parent;
 (c) Any history of, or potential for, child abuse, spouse abuse, other domestic violence, or parental kidnapping by either parent;
 (d) The geographic proximity of the parents to each other, as the proximity relates to the practical considerations of shared parenting;
 (e) The recommendation of the guardian ad litem of the child, if the child has a guardian ad litem. The statute does not require the court to make independent findings on each of the above-listed factors. While the court does not address each factor, a silent record raises the presumption that a trial court considered the factors. See State v. Adams, (1988) 37 Ohio St.3d 295. The record does not affirmatively demonstrate the magistrate or trial court failed to consider all relevant factors. Accordingly, we presume the magistrate and the trial court considered each factor before making the determination to deny appellant's motion for shared parenting, and in naming appellee the residential parent. We find no abuse of discretion in that determination. Appellant's fourth assignment of error is overruled.
The June 12, 2000 Judgment Entry, adopting the May 3, 2000 Magistrate Decision and Decree of Divorce, is affirmed.
 ______________ Hoffman, J.
Gwin, P.J. and Boggins, J. concur