OPINION
{¶ 1} Defendant-appellant Ann Hiddens appeals pro se from a decision of the Montgomery County Court of Common Pleas which adopted the decision of the magistrate which overruled *Page 2 
appellant's motion for relief from judgment pursuant to Civ. R. 60(B).
 {¶ 2} On September 15, 2005, Hiddens filed the motion for relief from judgment. A hearing was held on said motion on November 10, 2005. After the hearing, the magistrate allowed Hiddens to file a supplemental memorandum in support of her Civ. R. 60(B) motion. On December 12, 2005, the magistrate issued a decision overruling Hiddens' motion for relief from judgment. Hiddens filed objections to the magistrate's decision on December 27, 2005. On January 19, 2006, the trial court overruled Hiddens' objections and adopted the decision of the magistrate as it pertained to Hiddens' motion for relief from judgment. Hiddens filed a notice of appeal with this Court on February 21, 2006.
 I {¶ 3} The instant case arises from a civil stalking protection order (CSPO) that was granted against Hiddens in favor of plaintiff-appellees Barbara and Richard Leibold (hereinafter "the Leibolds"). At an ex parte hearing held in the trial court on September 27, 2004, Barbara Leibold alleged that on May 2, 2004, Hiddens confronted her at her residence and accused Barbara of having an adulterous affair with Hiddens' long term boyfriend, Michael Reichard[1] Barbara asked Hiddens to leave. During the confrontation, Hiddens allegedly became very agitated and shouted vulgarities at Barbara.
 {¶ 4} Some days later, on May 8, 2004, Hiddens approached Barbara and a friend at St. *Page 3 
Albert's parish and confronted her again regarding the alleged affair with Reichard. On this occasion, the police were called, and Hiddens was trespassed off the church's property. Following the second confrontation, the Leibolds initiated the ex parte hearing which led to the issuance of a CSPO against Hiddens. At the ex parte hearing, Barbara Leibold presented evidence that Hiddens had further continued her harassment by contacting her fellow employees at St. Albert's to inform them of the alleged affair between Reichard and Barbara. Barbara testified at the hearing that Hiddens had created informational packets containing documents and audio tapes of conversations that purportedly proved the existence of the affair. An ex parte order was issued on September 27, 2004.
 {¶ 5} On November 9, 2004, at the full hearing on the matter before the magistrate, both the Leibolds and Hiddens were represented by counsel. After negotiations occurred between the two parties, Hiddens agreed to sign a Consent Agreement that contained the same restrictions as the CSPO with some minor modifications. In return, the CSPO was vacated and the pleadings were amended to allege an invasion of privacy. The Consent Agreement stated that Hiddens would not abuse Barbara or Richard Leibold, would stay away from Barbara and Richard Leibold and not go within 100 feet of their residence, place of employment, school or other place that they are likely to be, would not initiate any contact with Barbara or Richard Leibold, and would not cause or encourage any other person to do something that she is prohibited from doing herself.
 {¶ 6} On January 14, 2005, the Leibolds filed a motion to show cause against Hiddens alleging that she violated the terms of the Consent Agreement. The Leibolds filed another motion to show cause on March 31, 2005. The trial court ordered that Hiddens appear to show cause why she should not be held in contempt on the two motions on April 18, 2005. The Leibolds filed a third *Page 4 
motion to show cause on November 2, 2005. To this date, a hearing on the motions to show cause have not been held, and the contempt orders are still pending against Hiddens.
 {¶ 7} On September 16, 2005, Hiddens filed a motion for relief from the Consent Agreement that she voluntarily entered into on November 9, 2004. As previously stated, a hearing was held before the magistrate on November 10, 2005. Although Hiddens was given the opportunity to proffer evidence in support of her Civ. R. 60(B) motion, she failed to do so. The magistrate entered an order extending the duration of the Consent Agreement to November 9, 2006, and took the motion for relief from judgment under advisement.
 {¶ 8} After Hiddens was allowed to file a supplemental brief in support of her motion for relief from judgment, the magistrate issued a decision denying said motion on December 12, 2005. Hiddens filed her objections to the magistrate's decision on December 27, 2005. The trial court adopted the decision of the magistrate which overruled Hiddens' Civ. R. 60 (B) motion for relief from judgment on January 19, 2006. It is from this judgment that Hiddens now appeals.
 II {¶ 9} Because all five of Hiddens' assignments of error are interrelated, they will be discussed together:
 {¶ 10} "THE TRIAL COURT ERRED IN DENYING RESPONDENT-APPELLANT'S MOTION 60(B) AND/OR MOTION TO DISMISS AS A MATTER OF LAW WHEN THE ISSUE WAS NOT MOOT"
 {¶ 11} "THE CONSENT AGREEMENT CONSISTED OF THE SAME RESTRICTIONS AS THE EX PARTE ORDER, THE CIVIL STALKING PROTECTION ORDER (CSPO) AND/OR *Page 5 
THE EX PARTE ORDER HAD CONSTITUTIONAL ISSUES IT DEMAND INDEPENDENT APPELLATE REVIEW."
 {¶ 12} "MOTION 60(B) AND/OR MOTION TO DISMISS MUST GRANT `IF THE STATUTE UPON WHICH THE ACTION IS BASED UNCONSTITUTION[AL], THEN THE PETITION-APPELLEES FOR RELIEF UNDER AN INVALID STATUTE CANNOT BE FOUND TO STATE A VALID CLAIM.'"
 {¶ 13} "THE TRIAL COURT ERRED AS A MATTER TO GRANT THE CIVIL STALKING PROTECTION ORDER THAT HAD RIPPLED INTO THE CONSENT AGREEMENT AND ERRED AGAIN WHEN THE TRIAL COURT DENIED MOTION 60(B)/TO DISMISS AS A MATTER OF LAW."
 {¶ 14} "THE TRIAL COURT ERRED AND ABUSE OF DISCRETION TO DENY THE MOTION 60(B) AND/OR MOTION TO DISMISS."
 {¶ 15} Pursuant to Civ. R. 53(E)(3), a party who disagrees with a magistrate's proposed decision must file objections to said decision. When reviewing objections to a magistrate's decision, the trial court is not required to follow or accept the findings or recommendations of its magistrate. Breece v. Breece (Nov. 5, 1999), Darke App. No. 99-CA-1491;Seagraves v. Seagraves (Aug. 25, 1995), Montgomery App. Nos. 15047 and 15069. In accordance with Civ. R 53, the trial court must conduct an independent review of the facts and conclusions contained in the magistrate's report and enter its own judgment. Dayton v. Whiting
(1996), 110 Ohio App.3d 115, 118, 673 N.E.2d 671. Thus, the trial court's standard of review of a magistrate's decision is de novo.
 {¶ 16} While Hiddens included a compact disc of the Civ. R. 60(B) hearing in the trial court record, she did not file a transcript of the evidence nor did she submit an affidavit of evidence as *Page 6 
required by Civ. R. 53(E)(3). Thus, the trial court properly limited its decision to whether the magistrate erred as a matter of law.
 {¶ 17} An "abuse of discretion" standard, however, is the appellate standard of review when reviewing a trial court's adoption of a magistrate's decision. Claims of trial court error must be based on the actions taken by the trial court, itself, rather than the magistrate's findings or proposed decision. When an appellate court reviews a trial court's adoption of a magistrate's report for an abuse of discretion, such a determination will only be reversed where it appears that the trial court's actions were arbitrary or unreasonable. Proctor v.Proctor (1988), 48 Ohio App.3d 55, 60-61, 548 N.E.2d 287. Presumptions of validity and deference to a trial court as an independent fact-finder are embodied in the abuse of discretion standard. Whiting, supra.
 {¶ 18} An abuse of discretion means more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When applying the abuse of discretion standard, an appellate court may not merely substitute its judgment for that of the trial court. Berk v. Mathews (1990), 53 Ohio St.3d 161, 169,559 N.E.2d 1301. After reviewing the record, we find no abuse of discretion.
 {¶ 19} On appeal, Hiddens contends that the trial court abused its discretion when it adopted the magistrate's decision overruling her Civ. R. 60(B) motion for relief from judgment. Essentially, Hiddens argues that she should be granted relief from judgment under Civ. R. 60 (B)(2), (3), and (5). However, she concedes that she was unable to establish a meritorious claim because she voluntarily entered into the Consent Agreement which she requested that the trial court set aside. If the Consent Agreement were vacated, Hiddens asserts that she would have the ability to defeat the Leibolds' ex *Page 7 
parte CSPO. The trial court held that Hiddens did not demonstrate any factual basis upon which the Consent Agreement should be vacated. On the advice of competent counsel, Hiddens had voluntarily entered into the agreement which placed clear restrictions on her ability to initiate any contact with the Leibolds. There is no indication in the record that Hiddens was coerced into signing the Consent Agreement nor is there evidence that any facts were misrepresented to her that caused her to enter into the agreement mistakenly. Simply put, the record clearly demonstrates that Hiddens entered into the agreement in order to have the CSPO issued against her vacated. We hold that the trial court did not abuse its discretion when it found that Hiddens was legally bound by the terms of the Consent Agreement which she voluntarily entered into. Thus, Hiddens is bound by the terms of the Consent Agreement, and her allegations regarding the granting of the CSPO are essentially rendered moot. However, even if the CSPO was not vacated by the signing of the Consent Agreement, the trial court did not err when it found that Hiddens had failed to produce sufficient evidence to support a Civ. R. 60(B) motion for relief from judgment.
 {¶ 20} Regarding motions for relief for judgment, Civ. R. 60(B) provides that:
 {¶ 21} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The *Page 8 
motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 22} The law for evaluating such motions is well-established. Specifically, the movant must show:
 {¶ 23} "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec, Inc. v.ARC Industries, Inc. (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus.
 {¶ 24} As stated earlier, Hiddens contends that if she were permitted to have the Consent Agreement vacated, she would have a meritorious claim to the Leibolds' request for a CSPO. Essentially, Hiddens argues that her meritorious defense to the imposition of the CSPO is that the allegations made by Barbara Leibold in her petition and at the ex parte hearing were false. Other than her bare assertion, however, Hiddens provided no evidence which demonstrates that Barbara's allegations concerning appellant's harassing behavior were false. Moreover, since Hiddens has failed to provide us with a written transcript of the Civ. R. 60(B) proceeding in front of the magistrate, we can only review the lower court's conclusions of law. After doing so, it is clear that the trial court did not abuse its discretion in adopting the magistrate's conclusions of law regarding Hiddens' failure to demonstrate a meritorious defense.
 {¶ 25} Next, Hiddens argues that pursuant to Civ. R. 60(B)(2), she is entitled to relief because she has newly discovered evidence that would disclose a basis for the trial court *Page 9 
to dismiss the CSPO. "Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B)" is a basis for Civ. R. 60(B) relief. Civ. R. 60(B)(2). Assuming that Civ. R. 60 (B)(2) applies to this situation, where relief is sought from the issuance of a CSPO rather than a judgment following a new trial, Hiddens' motion and memorandum made no effort to demonstrate how its contents was "newly discovered evidence," or, if so, why it could not with due diligence been earlier discovered. Examination of the Civ. R. 60 (B) motion, memorandum, and exhibits strongly suggest that none of it was newly discovered evidence.
 {¶ 26} Hiddens also contends that pursuant to Civ. R. 60(B)(3), she is entitled to relief because Barbara Leibold "made false statements, misrepresented the operative facts, and lied to the court to obtain a Civil Stalking Protection Order (CSPO) pursuant to R.C. 2903.214." Additionally, Hiddens argues that Barbara Leibold perpetrated a "fraud upon the court" with respect to some of the information she supplied to the trial court in order to have a CSPO issued against her.
 {¶ 27} A claim of actual fraud is established by showing a false misrepresentation of fact that is material to the transaction made with intent to mislead, and which did, in fact, result in justifiable reliance and injury. Gaines v. Preterm-Cleveland, Inc. (1987),33 Ohio St.3d 54, 55, 514 N.E.2d 709. In Coulson v. Coulson (1983),5 Ohio St.3d 12, 15, 448 N.E.2d 809, the Supreme Court explained that "fraud upon the court is an elusive concept. * * *" Another commentator has stated that "fraud upon the court should, we believe, embrace only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by the officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for *Page 10 
adjudication. Fraud, inter parties, without more, should not be fraud upon the court, but redress should be left to a motion under 60(B)(3) [sic] or to the independent action." 7 Moore's Federal Practice (2 Ed. 1971) 515, ¶ 60.33.
 {¶ 28} After thoroughly reviewing the record in this matter, we hold that the trial court did not abuse its discretion when it found that the Leibolds had not committed any fraud as contemplated by Civ. R. 60(B)(3). Moreover, there is no suggestion in the record that an officer of the court involved in the instant proceedings committed a fraud upon the court or attempted to "defile the court" in any way. There is simply nothing in the record wherein we could conclude that any fraudulent conduct or misrepresentations were made that would justify sustaining Hiddens' motion for relief from judgment pursuant to Civ. R. 60(B)(3).
 {¶ 29} Laslty, Hiddens alleges that she is entitled to relief from the CSPO pursuant to Civ. R. 60(B)(5). Civ. R. 60(B)(5) allows relief for "any other reason justifying relief from the judgment." Civ. R. 60(B)(5) may "be used in an extraordinary and unusual case when the interests of justice warrants it." Adomeit v. Baltimore (1974), 39 Ohio App.2d 97,105, 316 N.E.2d 469, 470. This is clearly not such a case.
 {¶ 30} Hiddens is unable to cite to any relevant evidence in the record that would support her claim for relief. There is nothing in the record to suggest that she did not understand the terms of the Consent Agreement nor the effect of signing said agreement. The record reveals that Hiddens was represented by competent counsel who explained the terms of the agreement. Hiddens was well aware that the CSPO would be dismissed once the Consent Agreement was signed and executed. Any arguments advanced by Hiddens in regards to the CSPO were rendered moot by her voluntary entry into a Consent Agreement. Thus, the trial court did not abuse its discretion when it overruled Hiddens' *Page 11 
objections and adopted the decision of the magistrate with respect to the motion for relief from judgment.
 III {¶ 31} All of Hiddens' assignments of error having been overruled, the judgment of the trial court is affirmed.
BROGAN, J. and GRADY, J., concur.
[1] Both Michael Reichard and the Leibolds are members of St. Albert's Catholic Church. When these events occurred, Barb Leibold was the Director of Religious Education at St. Albert's. Hiddens also claims to be a member of St. Albert's parish, but that claim is disputed by the Leibolds. *Page 1