[Cite as *R.H. Donnelley Publishing & Advertising v. Armstrong*, 2013-Ohio-1927.]

IN THE COURT OF APPEALS FOR MIAMI COUNTY, OHIO

| | | |
|---|---|---|
| R.H. DONNELLEY PUBLISHING & ADVERTISING | : | |
| Plaintiff-Appellant | : | C.A. CASE NO. 2012 CA 15 |
| v. | : | T.C. NO. 11CVF333 |
| NORMAN E. ARMSTRONG | : | (Civil appeal from Municipal Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___10th___ day of ___May___, 2013.

. . . . . . . . . .

MARK J. SHERIFF, Atty. Reg. No. 0019273 and DALE COOK, Atty. Reg. No. 0020707 and MOLLY R. GWIN, Atty. Reg. No. 0088189, 300 Spruce Street, Floor One, Columbus, Ohio 43215
        Attorneys for Plaintiff-Appellant

FRANK J. PATRIZIO, Atty. Reg. No. 0055468, 123 Market Street, P. O. Box 910, Piqua, Ohio 45356
        Attorney for Defendant-Appellee

. . . . . . . . . .

DONOVAN, J.

{¶ 1}    This matter is before the Court on the Notice of Appeal of R.H. Donnelley

Publishing & Advertising ("RHD"), filed September 14, 2012. RHD appeals from the decision of the trial court adopting the decision of the Magistrate in favor of Dr. Norman E. Armstrong, following trial, on RHD's complaint on Armstrong's advertising account. We hereby affirm the judgment of the trial court.

{¶ 2}    RHD filed its complaint against Armstrong on February 11, 2011, asserting that Armstrong owed it $11,942.92, "according to the account," plus interest, as well as $2,388.58 "as and for attorney fees and or collection costs."   Attached to the complaint is the affidavit of Mark Perkins, RHD's Collections Supervisor, which provides that "Defendant, Norman E. Armstrong, Dr. entered into one or more agreements with [RHD] for the provision of Yellow Page Advertisement services and products," and that Armstrong "failed to make payments in accordance with the terms of the agreements leaving a balance due and owing in the sum of $11,942.92."   Also attached, inter alia, is a one page Payment Summary for account number 206787953, and an itemized account in the name of Dr. Norman E. Armstrong, account number 206787953, as well as a March 21, 2008 Billing Agreement that provides the customer billing information as Dr. Norman E. Armstrong, "ID 206787953," and provides for total monthly billing in the amount of $1,310.50 for itemized advertising programs.   On the line following "Customer Authorization," the signature of Georgia Armstrong appears, and on the line following "Customer Name and Title," the printed name and title of "Georgia Armstrong Office Manager" appears.   Perkins' affidavit provides that "the annexed statement of account against Norman E. Armstrong, Dr., is just, true, and correct with no offsets to the knowledge of the deponent."

{¶ 3}    On October 12, 2011, the trial court referred the matter to the Magistrate.

On November 10, 2011, RHD filed a motion for summary judgment, and Armstrong opposed the motion on December 14, 2011, asserting in part that he "operated and owned a business called NEADO, Inc.," and that his "office manager had the authority to enter into contracts on behalf of the corporation, however, the employees did not have the authority to bind him personally. * * * Plaintiff in its summary judgment fails to provide any evidence that Defendant authorized an employee of his company to sign on his individual behalf." Armstrong cited his answers to interrogatories and requests for admissions that were filed on December 14, 2011, in which he asserted that he "never authorized anyone to sign personally on his behalf." Armstrong further asserted that his "corporation paid for the advertisement and secondly, his corporation was the entity that benefitted from the advertisement."

{¶ 4}　In its February 17, 2012 decision, the magistrate determined in relevant part as follows:

> In the present case, the Plaintiff has presented the Court with no affidavits to support its claim for relief. The Plaintiff has also submitted certain documents to support the claim, but none of these documents have been verified and their quality as evidence is questionable. The Defendant has submitted his response including an affidavit referencing his sworn answers to requests for admissions. The actual evidence before the Court at this time would indicate that a "Georgia Armstrong" signed an agreement on behalf of a corporation but not the Defendant personally. The suit appears to be against the Defendant in a personal capacity. There does appear to be a genuine material issue of fact demonstrated in the limited evidence submitted

4

and as such the Magistrate finds that the Plaintiff has not demonstrated that there is no genuine issue of material fact.

Furthermore, the Magistrate notes that the Plaintiff filed its motion for summary judgment without first seeking leave to file such motion pursuant to Civil Rule 56(A) since such leave is required prior to the filing of such motion when an action has been set for pretrial or trial prior to the filing of such motion for summary judgment. In the present case, the docket indicates that the motion was present for filing on November 16, 2011, the same date as the pretrial in the within matter. No motion for leave to file a motion for summary judgment has been filed. For all of these reasons the Magistrate finds that the Plaintiff's motion for summary judgment is not well taken and it is the Decision of the Magistrate that Plaintiff's motion for summary judgment be overruled.

{¶ 5} RHD filed objections to the Magistrate's decision on March 1, 2012, asserting that "Georgia Armstrong signed the contract as an authorized representative of Norman Armstrong," and that "NEADO, Inc. is not identified on any of the documents under which the business relationship between Plaintiff and Defendant arose." RHD further asserted that the Magistrate "ignored" the affidavit of Mark Perkins, attached to its complaint. On March 8, 2012, Armstrong responded to RHD's objections, asserting that RHD failed to provide evidence that he "actually authorized the setting up of the account and authorizing his office manager to enter into a contract on his individual behalf," and that he "conducted his business affairs under his corporation, NEADO, Inc."

**{¶ 6}** On March 28, 2012, the trial court issued a decision that provides in relevant part:

It appears from the record that on October 14, 2011, the magistrate set this case for an attorney's conference, to be held on November 16, 2011. Plaintiff filed its Motion for Summary Judgment on November 10, 2011.

Civ.R. 56(A) provides that if the case has been set for pretrial or trial, a "motion for summary judgment may be made only with leave of court." Civ.R. 16 covers pretrial procedure and specifies the purposes of a pretrial conference. The attorney's conference set by the magistrate was a "pretrial" for purposes of Civ.R 56(A).

Because the case had been set for a pretrial prior to the Plaintiff's filing of the Motion for Summary Judgment, leave of court was required. Leave of court was neither sought nor granted. The Motion is therefore a nullity. The Motion should not have been considered nor ruled upon by the magistrate.

Accordingly, Plaintiff's Objections are moot. The matter is referred back to the magistrate with instructions to set the matter for trial.

**{¶ 7}** The matter was scheduled for trial on March 9, 2012. We note that on May 4, 2012, Exhibits A, B, C, D, and E were filed below, under the heading Yellow Book Sales & Distribution Co. v. Saran. On May 24, 2012, following trial, the Magistrate issued a Decision that provides in part as follows:

1. That the Plaintiff entered into a contract for "yellowbook" advertising on March 21, 2008 as well as internet advertising with the

Doctor's office which was in the name of the Defendant;

2.   That the Plaintiff (sic) agreement was for 12 months;

3.   That the (sic) Georgia Armstrong, the office manager of the Doctor's office, signed all contracts and all proofs that were submitted by the Plaintiff;

4.   That there was insufficient evidence submitted to establish by a preponderance of the evidence whether or not the Defendant's Doctor's office was operated by a corporation or by the Defendant himself;

5.   That the Plaintiff and the Defendant Doctor's office had a prior advertising relationship;

6.   That according to the Plaintiff's accounting (see Plaintiff's Exhibit E) the Defendant caused to be paid to the Plaintiff the sum of $14,106.66 from April 2008 until January 28, 2009;

7.   That according to the Plaintiff's account (see Plaintiff's Exhibit E), the Defendant accrued $13,273.08 of charges, including late charges during the term of the March 21, 2008 contract;

8.   That the accounting, according to Plaintiff's Exhibit E, provides a credit of only $1,330.16 towards the charges out of the total $14,106.66 which was paid from April 2008 until January 28, 2009

9.   That the Plaintiff's account as set forth in Plaintiff's Exhibit E does not begin with a zero balance nor is it sufficient to be characterized as an account stated.

\* \* \*

In the present case, the Plaintiff presented the Court with Plaintiff's Exhibit E. This exhibit included a list of payments by the Defendant to the Plaintiff on the account from April 3, 2008 until January 28, 2009 in the amount of $14,606.66 (sic). It also included a breakdown of the charges that were created starting in January 2009 and ending on January 9, 2010. It should be noted at this time that there were no accounts starting in April 2008, when the contract in question actually begins. The account of the Plaintiff ends showing charges in the amount of $13,272.08 and credits of $1,330.16. Nowhere in Plaintiff's Exhibit E is there any evidence of what happened to the remaining $13,276.50 that the Plaintiff has acknowledged as having been paid by the Defendant. One could assume that it may have been applied towards amounts previously outstanding from earlier contracts, but the accounting as set forth [in] Plaintiff's Exhibit E does not show this.

\* \* \*

As such the Magistrate finds that the Plaintiff's Account as set forth in Plaintiff's Exhibit E does not begin with a zero balance nor does it appear to qualify as an account stated. As such, the Magistrate finds, without dealing with the issue as to whether or not the Defendant was the proper party named in the action, that the Plaintiff has not met its burden of proof by a preponderance of the evidence.

It is therefore the Magistrate's decision that judgment be granted to

the Defendant as to the Plaintiff's complaint and that the Plaintiff's complaint against the Defendant be dismissed. Costs are to be assessed to the Plaintiff.

**{¶ 8}** RHD filed objections to the Magistrate's decision on June 8, 2012, arguing that the "Magistrate's Decision ignores the prima facie elements for both an action on account and breach of contract claim and mischaracterizes evidence presented at trial of this matter. " RHD asserted that "Plaintiff's evidence shows that the charges accrued under the most recent contract constitute an account with a provable balance, and the Plaintiff's evidence meets all the requirements for this account to qualify as an account stated."

**{¶ 9}** RHD further asserted that the Magistrate's decision "misinterpreted the Plaintiff's evidence." According to RHD, its agreement with Armstrong "was not solely for a period of twelve months, but was to continue in place until the Defendant provided written notice of cancellation or non-renewal. Defendant presented no such evidence of cancellation or non-renewal and as such the advertisements continued to run after the twelve month period expired." RHD further asserted that despite "the fact that **virtually no** evidence of a corporate entity was presented, the Defendant and the court spent much of the trial focusing on whether a valid corporate entity existed." RHD noted that the "corporate entity appears at no place on the contract signed by Defendant's office manager, Georgia Armstrong, and the advertisements do not list the name of Defendant's alleged corporation."

**{¶ 10}** Finally, RHD asserted that the Magistrate's decision "mischaracterizes Plaintiff's Exhibit E." RHD noted that the Magistrate initially concluded that Armstrong paid $14,106.66 from April 2008 until January 28, 2009, and then later identified an amount of $14,606.66 as paid for that period. RHD asserted that neither "of these amounts is

correct; by adding up the numbers in the current amount paid column, the account the Plaintiff presented actually shows that the Defendant paid the Plaintiff $14,252.16 from April 2008 until January 28, 2009." RHD further asserted that the "account also shows credits in the amount of $1,330.16, which is acknowledged in the Decision. Clearly, the $13,273.07 minus the credit of $1,330.16 demonstrates the 'provable sum' or the amount prayed for in Plaintiff's Complaint of $11,942.92."

**{¶ 11}** On August 14, 2012, the trial court overruled RHD's objections. The court noted as follows regarding Plaintiff's Exhibit E:

> * * * It consists of seven pages labeled 1-8. There was no page 2 in Exhibit E. Page 1 shows that the Defendant paid the Plaintiff the sum of * * * ($14,292.16) during the time period from April 3, 2008 through January 28, 2009. Page 3 of the Exhibit shows that as of January 9, 2009, Defendant's balance due on the same account number was zero. There is nothing in Exhibit E to show what happened to the January 28, 2009 payment in the amount of * * * ($2,640.66). There is no answer to the question of why Defendant paid * * * ($2,640.66) to Plaintiff when his balance due was zero.

> Clearly something is missing from this Exhibit and whatever that missing thing is precludes Exhibit E from satisfying the legal requirements for it to be an account. The magistrate's conclusion is therefore correct.

> Plaintiff argues * * * that "on February 11, 2011, the Plaintiff filed its Complaint against the Defendant for a debt owed on an account *and for*

*breach of contract* for advertising services." This assertion is simply not correct. There is no claim in the Complaint alleging a breach of contract. As a matter of fact, the word "breach" is nowhere in Plaintiff's Complaint. There simply was no breach of contract claim in the Complaint, and any assertion by the Plaintiff that there was avails Plaintiff not.

{¶ 12} Finally, the court noted that RHD "submitted no transcript in this case. There is nothing to suggest that a transcript was not available; to the contrary, the proceedings were digitally recorded and a transcript could have been prepared therefrom. * * * ." The court overruled RHD's last two objections due to its failure to file a transcript. We note that the transcript of the trial before the Magistrate was filed herein on November 13, 2012, nevertheless we cannot consider it as it was not filed in the trial court to support appellant's objections.

{¶ 13} RHD asserts two assignments of error which we will consider together. They are as follows:

"THE COURT ERRED IN FINDING THAT PLAINTIFF DID NOT MEET ITS BURDEN OF PROOF BY A PREPONDERANCE OF THE EVIDENCE,"

And,

"THE COURT ERRED IN FINDING THAT PLAINTIFF'S ACCOUNT FAILED TO QUALIFY AS A STATEMENT OF ACCOUNT."

{¶ 14} In response, Armstrong asserts that RHD's failure to file a transcript of the proceedings before the Magistrate prior to the trial court's decision "limits the Appellate Court's review to the court's legal conclusions," and Armstrong requests "that the

Appellant's first assignment of error be overruled because it is an argument based upon facts of the case and not on how the facts were applied to the law." RHD replies that the trial court "was in fact provided with the necessary portions of the record, namely the statement of account, and therefore was able to review the factual and legal issues."

{¶ 15} As this Court has previously noted:

Pursuant to Civ. R. 53(E)(3), a party who disagrees with a magistrate's proposed decision must file objections to said decision. When reviewing objections to a magistrate's decision, the trial court is not required to follow or accept the findings or recommendations of its magistrate. *Breece v. Breece* (Nov. 5, 1999), Darke App. No. 99-CA-1491; *Seagraves v. Seagraves* (Aug. 25, 1995), Montgomery App. Nos. 15047 and 15069. In accordance with Civ. R. 53, the trial court must conduct an independent review of the facts and conclusions contained in the magistrate's report and enter its own judgment. *Dayton v. Whiting* (1996), 110 Ohio App.3d 115, 118, 673 N.E.2d 671. Thus, the trial court's standard of review of a magistrate's decision is de novo. *Leibold v. Hiddens*, 2d Dist. Montgomery No. 21487, 2007-Ohio-2972, ¶ 15.

{¶ 16} Pursuant to Civ.R. 53 (D)(3)(b)(iii), an "objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available."

{¶ 17} As the Supreme Court of Ohio determined:

When a party objecting to a referee's report has failed to provide the

trial court with the evidence and documents by which the court could make a finding independent of the report, appellate review of the court's findings is limited to whether the trial court abused its discretion in adopting the referee's report, and the appellate court is precluded from considering the transcript of the hearing submitted with the appellate record. *High v. High* (1993), 89 Ohio App.3d 424, 427, 624 N.E.2d 801, 802-803; Civ.R. 53(E)(6); *Proctor v. Proctor* (1988), 48 Ohio App.3d 55, 548 N.E.2d 287; see, also, *Purpura v. Purpura* (1986), 33 Ohio App.3d 237, 515 N.E.2d 27. In other words, an appeal under these circumstances can be reviewed by the appellate court to determine whether the trial court's application of the law to its factual findings constituted an abuse of discretion. *Krause v. Krause* (Apr. 27, 1995), Cuyahoga App. No. 66809, unreported, 1995 WL 248527. *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St. 3d 728, 730, 1995-Ohio-272, 654 N.E.2d 1254.

{¶ 18} As this Court has further previously noted:

"Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. (Internal citation omitted). It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were

it deciding the issue *de novo*, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result. *AAAA Enterprises, Inc. v. River Place Community Redevelopment*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 19} As this Court has noted, "[i]n order for a plaintiff to maintain an action on an account, it must be proved that a contract existed between him and the defendant since an action on an account is an action for breach of contract." *City of Dayton v. Leigh*, 2d Dist. Montgomery No. CA14888, 1995 WL 502258 (Aug. 23, 1995). As this Court has further noted:

An action on account * * * exists to avoid the multiplicity of suits that would be necessary if each transaction between the parties would be construed as constituting a separate cause of action. *Am. Sec. Serv. v. Baumann* (1972), 32 Ohio App.2d 237, 242, 289 N.E.2d 373. The cause of action exists only as to the balance that may [be] due one of the parties as a result of the parties' transactions, and not as to each item of the account. Id. Civ.R. 10(D) requires that a copy of an account be attached to the complaint. Civ.R. 10(D) does not define what the requirements of an account are, but case law has stated that an account must contain:

(1) a beginning balance (zero, or a sum that can qualify as an account stated, or some other provable sum); (2) listed items, or an item, dated and identifiable by number or otherwise, representing charges, or debits, and credits; and (3) a summarization by means of a running or developing

balance, or an arrangement of beginning balance and items which permits the calculation of the amount claimed to be due. [Citation omitted.] Absolute certainty of proof is not required, but there must be something upon which the court can form its judgment. *Gabrielle v. Reagan* (1988), 57 Ohio App.3d 84, 87, 566 N.E.2d 684. *Harvest Land Co-Op, Inc. v. Wolter*, 2d Dist. Darke No. 1654, 2005-Ohio-6258, ¶ 12-13.

{¶ 20} While RHD asserts that Exhibit E satisfies the elements of an account and establishes the amount due and owing by Armstrong, RHD failed to provide, by means of the transcript, a basis for the trial court to conclude that the Magistrate's factual findings were incorrect. In other words, while the trial court reviewed Exhibit E, it did so in a vacuum in the absence of the record testimony before the Magistrate. *See*, *Allread v. Allread*, 2d Dist. Darke No. 2010 CA 6, 2011-Ohio-1271, ¶ 18, citing *Crawford v. Crawford*, 5th Dist. Richland No. 10CA36, 2010-Ohio-4239, ¶ 16 "(holding that the rationale prohibiting appellate courts from considering assigned errors when portions of the transcript necessary for their resolution are omitted from the record also applies to a magistrate's decision where the objector fails to produce the entire transcript for the trial court; in either case, the reviewing court has nothing to pass upon and thus has no choice but to presume the validity of the lower court's or magistrate's proceedings.)" Since RHD failed to provide a record of the proceedings for the trial court to review, we cannot conclude that the trial court abused its discretion in overruling RHD's objections and adopting the decision of the Magistrate.

{¶ 21} RHD"s assigned errors are overruled, and the judgment of the trial court is affirmed.

. . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies mailed to:

Mark J. Sheriff
Dale Cook
Molly R. Gwin
Frank J. Patrizio
Hon. Mel Kemmer