[Cite as *Huger v. Ashenafi*, 2022-Ohio-492.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| INDIA HUGER | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 29130 |
| | : | |
| v. | : | Trial Court Case No. 2021-CVI-27W |
| | : | |
| NATNAILE ASHENAFI | : | (Civil Appeal from |
| | : | Municipal Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 18th day of February, 2022.

. . . . . . . . . . .

INDIA HUGER, 438 Glenview Road, Trotwood, Ohio 45426
        Plaintiff-Appellant, Pro Se

RONALD J. KOZAR, Atty. Reg. No. 0041903, 40 North Main Street, Suite 2830, Dayton,
Ohio 45423
        Attorney for Defendant-Appellee

. . . . . . . . . . . . .

EPLEY, J.

{¶ 1} India Huger, pro se, appeals from a judgment of the Municipal Court of Montgomery County, Small Claims Division, which awarded her $250 plus statutory interest and court costs on her claim against Natnaile Ashenafi. Huger claims that the trial court's judgment did not fully compensate her for her damages. For the following reasons, the trial court's judgment will be affirmed.

### I. Facts and Procedural History

{¶ 2} According to the evidence at trial, after Huger purchased her home, she planned to replace the exterior fence and make other home improvements. Huger's realtor recommended Ashenafi as a contractor. In the spring of 2018, Ashenafi did painting for Huger without issues. After Huger received an estimate from a subcontractor with Home Depot to replace the fence, Ashenafi indicated that he could do the work for less money. Huger hired Ashenafi to install the fence. As part of the project, she expected Ashenafi to remove all of the debris and pallets and to power-wash the fence after installation. In May 2018, Ashenafi constructed a vinyl privacy fence for Huger, and Huger paid in full for the work. However, according to Huger, Ashenafi left debris and other items behind, overcharged her for some materials, and did not replace the broken wheel on the fence gate. Another company repaired the broken gate for $250 in April 2019.

{¶ 3} In November 2020, Huger brought suit against Ashenafi in the Dayton Municipal Court, but she apparently was informed that Dayton was the incorrect jurisdiction. That case was then dismissed.

{¶ 4} On January 11, 2021, Huger filed a small claims action in Montgomery

County Municipal Court, seeking $6,000 plus interest and court costs. Ashenafi filed a counterclaim, alleging that Huger's complaint was frivolous and seeking reasonable attorney fees and costs.

{¶ 5} The matter proceeded to a bench trial before a magistrate on April 22, 2021, during which both parties testified and presented several exhibits. During her testimony, Huger identified the following amounts as owed to her: (1) $108.03 for three fence posts that were not needed; (2) $3.60 for three fence post tops; (3) $250 to replace the broken gate wheel; (4) $39.06 to replace post hole covers; (5) $300 to power-wash the fence; and (6) $149.31 for court costs. These costs totaled approximately $850. Huger explained that the remaining $5,150 that she sought in her complaint was to compensate her for lack of privacy due to a nonfunctioning gate and "the distress of having to resolve all this."

{¶ 6} Testifying on his own behalf, Ashenafi stated that he installed the fence correctly, completed the work to Huger's satisfaction, and received Huber's final payment after the job was completed. He indicated that Huger had reduced her final payment by the cost of the three unused fence posts.

{¶ 7} The magistrate found in favor of Huger and awarded $250 plus five percent per annum statutory interest and court costs. Although the entry did not address Ashenafi's counterclaim, the magistrate necessarily found that Huger's claim was not frivolous. Apparently, the same day, the trial court adopted the magistrate's decision and awarded damages "in the amount determined by the magistrate." The single-page magistrate's and trial court's decision was filed on April 30, 2021. *See* 2019 amendments to Civ.R. 54(A) (deleting language that a judgment "shall not contain * * *

the magistrate's decision in the referred matter."). Neither party requested findings of facts and conclusions of law, and no objections to the magistrate's decision were filed.

{¶ 8} Huger appeals from the trial court's judgment. She does not state a specific assignment of error, as required by App.R. 16(A)(3), but argues that the trial court erred in failing to award damages for the fence posts, fence post tops, post hole covers, and power-washing. (Huger also asks for court costs, but those were, in fact, included in the trial court's judgment). Ashenafi interprets Huger's argument to be that the judgment was against the manifest weight of the evidence.

## II. Review of The Trial Court's Judgment

{¶ 9} As an initial matter, the magistrate's decision was a general verdict, which did not include findings of fact and conclusions of law. Such a decision is permitted under Civ.R. 53(D)(3)(a)(ii). A request for findings of fact and conclusions of law must be made before the entry of the magistrate's decision or within seven days of the filing of the decision. *Id.* Neither party made such a request.

{¶ 10} In addition, the Ohio Rules of Civil Procedure require a party to file written objections to a magistrate's decision within 14 days of the filing of the decision. Civ.R. 53(D)(3)(b). Objections to factual findings must be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. Civ.R. 53(D)(3)(b)(iii). The trial court may enter judgment either during the 14-day period for filing objections or after the 14 days have expired. Civ.R. 53(D)(4)(e)(i).

{¶ 11} If no timely objections are filed, the trial court may adopt the magistrate's decision, unless it determines that there is an error of law or other defect evident on the

face of the magistrate's decision. Civ.R. 53(D)(4)(c). When a party fails to file objections, the party may not assign as error on appeal the trial court's adoption of any factual finding or legal conclusion. Civ.R. 53(D)(3)(b)(iv).

{¶ 12} Here, Huger did not file objections to the magistrate's decision. As a result, she has waived all but plain error in the trial court's judgment. Civ.R. 53(D)(3)(b)(iv); *Miller v. Tye*, 2d Dist. Montgomery No. 26277, 2015-Ohio-199, ¶ 8. "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997), syllabus; *Przybyla v. Przybyla*, 2d Dist. Montgomery No. 27852, 2018-Ohio-3071, ¶ 95.

{¶ 13} In conducting our plain error review, we may only consider the record before the trial court. In this case, the parties submitted several exhibits, which would have been available for the trial court to review. However, the trial transcript was prepared as part of this appeal and, thus, was not provided to the trial court. Accordingly, the trial transcript may not be considered in determining whether the trial court committed plain error. *See R.H. Donnelley Pub. & Advertising v. Armstrong*, 2d Dist. Miami No. 2012-CA-15, 2013-Ohio-1927, ¶ 17, ¶ 20. Moreover, exhibits may be considered only to the extent that an assigned error may be resolved by reference to the exhibits alone and does not rely on trial testimony for context or explanation. *See id.*

{¶ 14} Because Huger failed to provide a trial transcript for the trial court to review, we cannot conclude that the trial court plainly erred in adopting the magistrate's decision.

And, we would find no plain error in the trial court's judgment even if we were to consider the trial transcript and the parties' exhibits.

{¶ 15} In reaching its verdict, the magistrate, as the trier of fact, was free to believe all, part, or none of each witness's testimony and to draw reasonable inferences from the evidence presented. *See, e.g.*, *State v. Webb*, 2d Dist. Montgomery No. 28886, 2021-Ohio-1977, ¶ 31. It was the province of the trier of fact to weigh the evidence and determine whether Huger had proven her claims, including the amount of damages to which she was entitled. *See id.*

{¶ 16} In this case, the magistrate apparently found that the wheel on Huger's gate was broken, that Ashenafi should have repaired or replaced the wheel, and that Huger paid $250 to have the work done by another company, Amor Fence, in 2019. Huger's evidence, including a copy of the check to Amor Fence, supported that conclusion.

{¶ 17} Although Huger testified that she was owed an additional $450 from Ashenafi related to the fence posts, fence post tops, post hole covers, and power-washing, Ashenafi presented evidence from which the magistrate reasonably could have concluded otherwise. Specifically, Ashenafi testified that Huger reduced her final payment to account for the unused fence posts. In addition, he testified that Huger's last payment was made after the work was completed to her satisfaction. On this record, we cannot conclude that the trial court committed plain error in adopting the magistrate's decision and granting judgment of $250 in damages plus interest and court costs.

### III. Conclusion

{¶ 18} The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.


Copies sent to:

India Huger
Ronald J. Kozar
Hon. James D. Piergies