[Cite as *Christoff v. Am. Airlines, Inc.*, 2024-Ohio-4810.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| NICHOLAS P. CHRISTOFF | : | |
| | : | |
| Appellant | : | C.A. No. 30161 |
| | : | |
| v. | : | Trial Court Case No. 2023 CVI 4622 |
| | : | |
| AMERICAN AIRLINES, INC. | : | (Civil Appeal from Municipal Court) |
| | : | |
| Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on October 4, 2024

. . . . . . . . . . .

NICHOLAS P. CHRISTOFF, Pro Se Appellant

AMANDA K. WAGER, Attorney for Appellee

. . . . . . . . . . . .

EPLEY, P.J.

{¶ 1} Plaintiff-Appellant Nicholas P. Christoff appeals from a judgment of the Dayton Municipal Court, which overruled his objections to the magistrate's decision on

his claims and entered judgment in favor of Defendant-Appellee American Airlines, Inc. For the following reasons, the trial court's judgment will be affirmed.

## I. Facts and Procedural History

{¶ 2} Christoff's claims arose from American Airlines' delay in delivering his luggage to his final destination in Florida. According to Christoff, he and his wife purchased tickets from American Airlines for travel from Dayton to Daytona Beach on Saturday, June 17, 2023. They spent $140 to check their four bags. Due to mechanical issues, their early afternoon flight from Dayton was delayed, and the airline informed them that they would miss their connection in Charlotte. They initially were told that they had been rebooked on a flight from Charlotte to Daytona Beach for the following morning and would need to retrieve their bags in Charlotte. Once in Charlotte, however, American Airlines rebooked them on a flight later that same day. The Christoffs believed their luggage would be on this flight. When they arrived shortly after midnight, they learned their luggage had been delayed.

{¶ 3} Over the next few days, Christoff made numerous phone calls to determine the status of the luggage. Two of the bags arrived later on June 18. He drove from his resort approximately 40 miles away to retrieve them from the airport. On June 19, Christoff flew to Dayton to get the other two bags from the Dayton airport, where they reportedly had been returned. There, Christoff learned that the bags had arrived at the Dayton airport but had been redirected back to Daytona Beach. On June 20, Christoff confirmed that the bags were being held at the Daytona Beach airport, and his family members retrieved the luggage. Christoff returned to Florida on June 21. His Florida

vacation concluded on June 24, 2023.

{¶ 4} On August 28, 2023, Christoff filed a small claims action against the chief operating officer and chief executive officer of American Airlines. Two days later, he added American Airlines as a defendant, and on September 11, 2023, he amended his complaint to name American Airlines only. Christoff sought $5,000 for losses he incurred due to American Airlines' negligent performance.

{¶ 5} The matter proceeded to a bench trial on October 11, 2023. Christoff submitted a binder with several exhibits; American Airlines submitted its "Conditions of Carriage." The next day, the magistrate issued a decision entering judgment in favor of American Airlines at Christoff's cost. Christoff timely objected but failed to submit a transcript of the bench trial. On January 22, 2024, the trial court overruled the objections on the ground that no transcript had been provided.

{¶ 6} Christoff appealed from the trial court's judgment and requested the preparation of a trial transcript. Montgomery C.A, No. 30067. The transcript was filed in the appellate case on March 7, 2024. Soon after, however, we dismissed the appeal for lack of a final appealable order. We indicated that the trial court had failed to separately enter its own judgment setting forth the outcome of the dispute and the remedy provided. Decision and Final Judgment Entry (Mar. 27, 2024).

{¶ 7} On April 30, 2024, the trial court issued a corrected judgment entry, adopting the magistrate's decision and entering judgment for American Airlines on Christoff's claim at his cost. Christoff appeals from the trial court's judgment, raising six assignments of error. They state:

1. The trial court erroneously concluded that the American Airlines Conditions of Carriage document ("Contract") does not require American Airlines to pay for lost, damaged, or delayed bags.

2. The trial court erred in failing to consider whether the American Airlines Conditions of Carriage document ("Contract") was unconscionable.

3. The trial court erred in failing to consider whether the Contract is inconsistent with the US Department of Transportation Guidelines.

4. The trial court erred in failing to consider whether the Contract is inconsistent with the Ohio Consumer Sales Practices Act (OCSPA).

5. The trial court (Dayton Municipal Court) erred in failing to review the factual and legal basis for the Magistrate Judge's Decision.

6. The trial court erred in not conducting, prior to issuing a ruling, any meaningful review of the documentary evidence which Dr. Christoff submitted in compliance with the "Notice to All Parties" form, filed by Dr. Christoff on September 11, 2023.

## II. Review of Trial Court's Judgment

{¶ 8} As an initial matter, the magistrate's decision was a general verdict, which did not include findings of fact and conclusions of law. Such a decision is permitted under Civ.R. 53(D)(3)(a)(ii). A request for findings of fact and conclusions of law must be made before the entry of the magistrate's decision or within seven days of the filing of the decision. *Id.* Neither party made such a request.

{¶ 9} In addition, the Ohio Rules of Civil Procedure require a party to file written

objections to a magistrate's decision within 14 days of the filing of the decision. Civ.R. 53(D)(3)(b). Objections to factual findings must be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. Civ.R. 53(D)(3)(b)(iii). The trial court may enter judgment either during the 14-day period for filing objections or after the 14 days have expired. Civ.R. 53(D)(4)(e)(i).

{¶ 10} Christoff filed timely objections on October 23, 2023. Accordingly, the trial court was required to "undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d),

{¶ 11} We note that the appellate record contains a trial transcript. However, the trial transcript was prepared as part of Christoff's first appeal (Case No. 30067), and we see no indication that it was provided to the trial court at any time. Accordingly, the trial transcript may not be considered in reviewing the trial court's determination. *See Geter v. Geter*, 2022-Ohio-2804, ¶ 26 (2d Dist.). Moreover, the parties' exhibits, which were available for the trial court's review, may be considered only to the extent that an assigned error may be resolved by reference to the exhibits alone and does not rely on trial testimony for context or explanation. *See id.*; *Huger v. Ashenafi*, 2022-Ohio-492, ¶ 13 (2d Dist.).

{¶ 12} When the trial court's judgment was made without the benefit of a transcript or affidavit, an appellate court only considers whether the trial court correctly applied the law to the facts as set forth in the magistrate's decision. *Geter* at ¶ 26. We are

"constrained to presume the regularity of the proceedings below unless the limited record for our review affirmatively demonstrates error." *Albritton v. White*, 2011-Ohio-3499, ¶ 15 (2d Dist.).

{¶ 13} In this case, the magistrate made neither findings of fact nor conclusions of law, and the court did not have the benefit of a trial transcript. Because we cannot consider the trial transcript provided to us, we have no record of the evidence presented to the magistrate, and we cannot speculate what the testimony was at that hearing. *Wise v. Webb*, 2015-Ohio-4298, ¶ 15 (2d Dist.).

{¶ 14} The trial court did have the parties' offered exhibits. Christoff's exhibits consisted of (1) copies of court filings, (2) a narrative statement of what occurred, dated October 9, 2023, (3) purported contract terms with American Airlines, lost baggage guidance from the US Department of Transportation, and information about the Ohio Consumer Sales Practices Act, (4) copies of communications between him and American Airlines, (5) a spreadsheet of expenses, and (6) receipts for expenses. American Airlines provided a copy of its Conditions of Carriage. The exhibits have limited utility, however, without the context of trial testimony. Even considering these exhibits, we cannot conclude that the trial court erred in overruling Christoff's objections and entering judgment in favor of American Airlines.

{¶ 15} With the record before us, our ability to review is limited, and we cannot conclude that any of Christoff's assignments of error has merit. The assignments of error are overruled.

### III. Conclusion

{¶ 16} The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

LEWIS, J. and HUFFMAN, J., concur.